UNIVERSAL CREDIT COMPANY, a corporation, *Plaintiff in Error*, vs. G. C. MCKINNON, *Defendant in Error*.

143 So. 778.

Opinion filed September 30, 1932.

*Cecil A. Rountree* and *Crutchfield & Adams*, Attorneys for Plaintiff in Error.

*C. C. Sellers*, Bonifay, Florida, and *E. C. Boswell*, Geneva, Alabama, Attorneys for Defendant in Error.

DAVIS, Commissioner.—At the trial of a replevin suit for the recovery of an automobile, the evidence showed that the defendant, who is the defendant in error here, on the 5th day of February 1931, purchased the said automobile from J. J. McCaskill Motor Company, the assignor of the plaintiff, who is the plaintiff in error here, for the sum of $694.00, two hundred and two dollars of which was paid in cash, the balance to be paid to the said J. J. McCaskill Company in monthly installments of $41.00 each, on the same day of each successive month, and commencing on the 5th day of March, 1931, all of which is shown by a conditional sale contract executed by the defendant and filed in evidence. The first of said deferred payments was made on February 13th, the second on March 5th, the third on May 4th following. For the May installment, a check for $41.10 was sent to the holder of the contract on May 29th, 1931, the ten cents being added to the $41.00 to cover charge for sending out delinquent notices, but payment was refused by the

bank upon which it was drawn because of insufficient funds to the credit of the defendant. Sometime in June plaintiff's representative called upon defendant and demanded payment of the balance of the purchase price, amounting to $369.00, or the surrender of the automobile. Defendant declined to pay the sum demanded, and also refused to deliver the said automobile, but offered to pay the sum of $41.00. At the time of the institution of the suit—July 31, 1931—defendant was three payments in default. He, as a witness in his own behalf, testified that he paid no further installments on the contract because plaintiff informed him that it would accept no further installments and would accept only the full outstanding balance, having elected to declare the same due and payable. The contract provides that the assignee thereof shall be entitled to all the rights of the seller; that in the event of default by the purchaser on any payment, the full amount shall at the election of the seller, be immediately due and payable, that time be of the essence thereof, and that if the purchaser default in complying with the terms of the contract, the seller may take immediate possession of the property without demand. The transcript does not reveal that any evidence was adduced to prove any damages that may have been sustained by the defendant. The court denied a motion of plaintiff for a directed verdict, but granted a motion of the defendant for such a verdict. The verdict reads as follows: "We, the jury find the issues in favor of the defendant, G. C. McKinnon." Upon this verdict the court entered a judgment that the defendant "do have and recover" the said automobile, together with costs and his "damages" in the sum of $75.00.

A motion for new trial was duly made by the plaintiff and the same was denied by the court.

No question has been raised here as to the form of the verdict or the judgment.

The question presented and argued here upon writ of error may be stated as follows:

1. Did the plaintiff, by accepting the first three payments made some time after their respective maturities, preclude itself from accelerating the payment ·of other installments of the purchase price of the automobile, and to demand payment of the aggregate amount of same or the possession of the automobile, upon failure of the defendant to pay the fourth installment at the time fixed by the contract?

2. Did the court have a right to enter a judgment for damages in the absence of evidence and an assessment of damages by the jury?

The contract in the instant case did not make all deferred payments due and payable upon default in the payment of any one installment. Upon default on any payment, the whole of the principal sum could only become immediately ·due and payable at the election of the seller. Under the law the plaintiff had a reasonable time after default in which to elect to declare the whole of the principal sum due, and according to some authorities this right existed as long as the default continued. Kreiss Pt. Phos. Co. vs. Knight, 98 Fla. 1004, 124 So. 751. See also Gus' Baths, Inc. vs. Lightbown, 101 Fla. 1205, 135 So. 300; Jaudon vs. Equitable L. A. Soc. 102 Fla. 782, 136 So. 517.

In the early part of June after the payment of the fourth installment came due on May 5th, the plaintiff elected to declare the whole of the principal sum due and demanded payment or the possession of the automobile, and that was not an unreasonable time in which to make such election. Therefore, if the right to make such election had not been waived by the plaintiff the whole amount immediately after the making of such election, became due and payable. (See authorities supra) with the consequent right of the plaintiff to take possession of the automobile peaceably, if it could be done that way, but if not peaceably, then by an action of replevin. See 24 R. C. L. 486-7.

In Kreiss Pt. Phos. Co. vs. Knight, supra, which was a suit for the foreclosure of a mortgage, we said: "It is a general rule that the fact that a mortgage is not foreclosed on the first default in payment does not prevent a foreclosure for a subsequent default, since such indulgence cannot affect a right not yet accrued." and it was there stated in effect that if there was nothing in the case to appeal to the conscience of the court but non-action of complainant (the mortgagee) upon prior defaults in the payment of taxes and interest, that alone would not constitute a defense to the bill.

If we apply the principles stated in Kreiss Pot. Phos. Co. vs. Knight, supra, and later cases to the instant case, the forbearance of the plaintiff to exercise the election given it by the contract to declare the whole of the principal sum due when the defendant failed to pay previous installments on the dates they were due, did not operate as a waiver of such right.

In this case it was in evidence that the plaintiff had written to the defendant on May 12, 1931, May 16, 1931, and May 20, 1931, calling his attention to his delinquency. The letter of May 12, 1931, was introduced in evidence and it contains the following statement: "Remit $41.10 to cover your past due May 5 installment by return mail." If the exercise of forbearance by the plaintiff on former occasions when installments were past due could have effected a waiver, we have here a demand limiting the time when payment should be made to "by return mail," which, in effect, reinstated the right to declare all payments due upon default in the payment of any one installment. This demand, if not ignored, was not complied with by the defendant. Surely nothing more could be demanded of the plaintiff as a condition precedent to the making of an election to declare the whole of the principal sum due, even though time had not been made the essence of the contract.

See Peoples Fur. & Carpet Co. vs. Crosby, 57 Neb. 282, 73 A. S. R. 504; Lundberg vs. Switzer, 146 Wash. 416, 263 Pac. 178, 59 A. L. R. 131 and note; 24 R. C. L. 480.

If the right to accelerate the deferred payments because of the non-payment of the fourth installment was waived by the plaintiff, the right was reinstated by the demand made upon defendant for payment, and plaintiff was within its legal rights in demanding payment of the whole of the principal sum or the possession of the automobile. In arriving at this conclusion. we are not unmindful of the rule that forfeitures are not favored in law any more than in equity.

The purchaser having defaulted in the payment of the purchase price, he has no right to withhold from the plaintiff possession of the automobile.

It follows that the court erred in directing a verdict for the defendant and in refusing to grant the motion for a new trial.

Section 5347 (3494) Compiled General Laws of Florida, 1927, paragraph 1, reads as follows:

"When goods shall have been re-delivered to the defendant upon his forthcoming bond, and it shall appear upon the non-suit of the plaintiff, or upon trial or otherwise, that the defendant is entitled to the goods, he shall have judgment against the plaintiff and the sureties upon his bond for his damages for the taking of such property and for his costs."

The language of this section as it relates to the judgment for damages is similar to the language used in paragraph 1 of Section 5346 (3493) Compiled General Laws of Florida, 1927. In Cary & Co. vs. Hyer, 91 Fla. 322, 107 So. 684, 688, the court in speaking of the measure of damages in that case said that it, like all other elements of damage "is to be ascertained by the jury and assessed in the verdict." The rule there stated under the last cited section of the statutes, should govern the assessment of damages under

the first paragraph of said Section 5347, Compiled General Laws, and the amount so assessed should be based upon testimony. The rule was not followed in this cause, and, for that reason, the lower court erred in entering a judgment against the plaintiff for damages sustained by the defendant.

The judgment of the lower court is reversed, and the cause is remanded for a new trial.

PER CURIAM.—The record of this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts 1929, (Ex. Sess.) adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below be, and the same is hereby, reversed, and the cause is remanded for a new trial.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL, BROWN, AND DAVIS, J.J., concur.