CADILLAC LASALLE COMPANY OF PALM BEACH, INC., v. CLAUDE NOLAN, INC.; CLAUDE NOLAN, Individually; and CADILLAC MOTOR CAR COMPANY, a Corp.

158 So. 883.
Division B.
Opinion Filed January 24, 1935.

*Albert C. Fordham* and *George M. Powell,* for Plaintiff in Error;

*Shutts & Bowen, Joseph F. McPherson, L. S. Bonsteel* and *Milam, McIlvane & Milam,* for Defendants in Error.

Terrell, J.—This is a common law action in which the plaintiff in error, who was plaintiff below, seeks to recover damages against the defendants below, defendants in error here, for wrongfully, unjustly, willfully, maliciously, and unlawfully conspiring with each other to deprive the plaintiff of the fruits and benefits of a business and contract entered into between them. A demurrer to the declaration was sustained, final judgment was entered in favor of the defendants, and the instant writ of error is to that final judgment.

The contract brought in question was a "Selling Agreement" entered into September 26, 1929, between Claude Nolan, Inc., of Jacksonville, and the Cadillac-LaSalle Company of Palm Beach, Inc. It gave the latter a franchise to sell new Cadillac and LaSalle motor vehicles, chassis, parts, and accessories in the territory described. Paragraph Four of said "Selling Agreement" was as follows:

"This agreement shall continue in force and govern all relations and transactions between the parties hereto until cancelled or terminated. Either party may cancel or terminate this Agreement at any time, provided the party desiring to so terminate and cancel the same gives unto the other a written notice (by registered mail or other means of

delivery) of such intention at least thirty days prior to the date of such termination and cancellation."

Defendant in error, Cadillac Motor Car Company, is an automobile manufacturer, defendant in error, Claude Nolan, Inc., is a distributor of the Cadillac Motor Car Company, and Claude Nolan is the president of the latter company. We are confronted here with the question of whether or not, in view of the right to cancel as quoted, and it not appearing that cancellation was procured by actionable independent tort, Cadillac Motor Car Company can be held jointly and severally liable with its distributing company and the president thereof for such cancellation.

By sustaining the demurrer to the declaration and entering final judgment in favor of the defendant the court below answered this question in the negative. Plaintiff in error contends that this was error and relies on Sorenson v. Chevrolet Motor Co., 171 Minn. 260, 214 N. W. 754, and cases of like import to support its contention.

In Sorenson v. Chevrolet Motor Company, *supra,* the court held that the willful and successful breach of the contract rights of another or the participation therein by a third party is actionable, but the latter case is clearly distinguishable from the case at bar in that an inspection of the declaration discloses that the defendant wrongfully repudiated its contract with the plaintiff without giving the notice required therein. It is further charged that this was done with malice to the plaintiff.

In the case at bar either party could breach the contract at any time by giving the required thirty days' notice. The dclaration in this case does not negative the fact that such notice was given so under the well supported rule that a pleading should be construed against the pleader we must

assume that the notice was given and being so it follows that the defendant was proceeding lawfully.

The rule contended for by plaintiff in error appears to apply to that class of contracts which the parties are mutually bound to perform. If it be a contract like the instant one that either party may revoke at its option by giving the required notice the rule has no application. Roberts v. Clark (Tex. Civ. App.) 103 S. W. 417; McGuire v. Gerstley, 204 U. S. 489, 27 Sup. Ct. Rep. 332, 51 L. Ed. 581.

In the case at bar the record reveals that the defendant was acting in the exercise of a legal right when it cancelled and breached the contract. This being the case the motive which actuated the breach is immaterial. Chambers v. Baldwin, 91 Ky. 121, 15 S. W. 11 L. R. A. 545; Olmstead, Inc., v. Maryland Casualty Co., et al. (Iowa), 253 N. W. 804.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.