COMMERCIAL CREDIT COMPANY, INC., v. B. WILLIS.

171 So. 304.
Division B.
Opinion Filed December 10, 1936.

*Malcolm J. Hall,* for Plaintiff in Error;
*W. W. Whitehurst,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the plaintiff in a suit against the defendant, appellant here. The suit was in trover and conversion.

The defendant pleaded for a 4th plea to the first count the following:

"FOURTH: Defendant says that plaintiff on the 18th day of April, 1934, executed a conditional sales agreement wherein he contracted with R. S. Evans Motors of Tampa, Florida, Inc., to buy the automobile described in the first count of plaintiff's declaration and by said contract agreed to make a down payment of $378.00 and the balance to be paid in twelve equal monthly installments of $48.55 payable on the 18th day of each month after date of conditional sales agreement. Defendant further avers that plaintiff in and by said conditional sales agreement agreed that title to the car mentioned in said agreement should remain in the seller until all amounts due in and by said agreement should be fully paid.

"Defendant further avers that plaintiff in and by said contract agreed that said conditional sales agreement might be negotiated or assigned or the payment thereof renewed or extended without passing title of said car to plaintiff; and further agreed that if he should fail to pay any installment on the conditional sales agreement agreed to be paid, the full amount of the purchase price then unpaid, should become immediately due and payable at seller's option, and seller or his representative might take possession of said car, etc., wherever it may be found; and further agreed that seller might take possession of any other property in

the above described motor vehicle at the time of repossession and hold the same temporarily for the purchaser without any responsibility or liability on the part of the seller or its assigns; and further agreed that the term 'seller' shall include any persons or parties to whom seller's title and rights under this contract might be assigned, all of which will more fully appear by reference to a copy of said conditional sales agreement hereto attached marked Exhibit 'A' and hereby made a part of this plea to the same effect as though the said conditional sales agreement were set out herein *in haec verba.*

"Defendant further alleges that thereafter R. S. Evans Motors of Tampa, Florida, Inc., for value received, assigned and transferred the conditional sales agreement executed to it by plaintiff herein to Commercial Credit Company, Inc.

"Defendant further avers that plaintiff defaulted in the payment due on the 18th day of October, 1934, and defendant alleges that thereafter on the 10th day of November, 1934, defendant elected to repossess said automobile described in the first count of plaintiff's declaration and *plaintiff* did take possession of said automobile under and by virtue of the terms and conditions of said conditional sales agreement."

The 4th plea to the second count of the declaration was to like effect.

The plaintiff filed replication. The replication in effect avers that the conditional sales agreement was obtained by R. S. Evans Motors of Tampa, Florida, Inc. It then sets out in detail the alleged fraud alleged to have been perpetrated on the plaintiff by R. S. Evans Motors of Tampa, Florida, Inc. It then alleged that the plaintiff prior to the purchase of the conditional sales agreement by the defend-

ant advised the defendant of the facts and circumstances alleged in the replication and put the defendant on notice of the fraud and deceit practiced upon the plaintiff. And that plaintiff never thereafter at any time recognized, ratified or confirmed in any manner the contract and agreement or paid any sum, or sums, of money whatsoever thereon. The replication then alleges:

"The said defendant did enter into an agreement with the plaintiff that if plaintiff would pay the sum of money due upon the Original agreed purchase price of the said automobile it would allow to the plaintiff a credit upon said purchase price equal to all charges and expenses which had been added to said purchase price as what is commonly known as 'finance charges,' that is to say, interest, fees and other expenses added by reason of any terms agreed upon for the payment of the full purchase price thereof, and thereupon the plaintiff paid to the said defendant the sum of $75.66 on, to-wit, August 18, 1934, that said sum of money was not paid by virtue of said original sales contract but by virtue of an agreement between the plaintiff and defendant by which the same was to be accepted and under which an additional sum of $125.00 was to be paid by the plaintiff to the said defendant on, to-wit: the 14th day of September, 1934, on which date by virtue of the agreement between plaintiff and defendant the said sum of money was duly paid to defendant and by virtue of which agreement the further sum of $50.00 was to be paid on the 13th day of October, 1934, which sum of money was duly paid to the defendant, and by virtue of which said plaintiff agreed to pay the defendant the balance of the purchase price of $235.00 in two equal payments on, to-wit: the 13th day of November' and the 13th day of December, respectively, and that prior to the said 13th day of November, 1934, said de-

fendant, without notice to the plaintiff, took and converted the said automobile to its own use, without the knowledge and consent of the said plaintiff and while the plaintiff was entitled to the possession of the same and in possession of said automobile."

A second replication to the 4th plea is as follows:

"And for a second replication to the said fourth plea to plaintiff's first count, the plaintiff says that by virtue of the Conditional Sales Agreement, or Contract, set forth and described in said plea certain payments were required to be made by the plaintiff to the defendant in installments of $48.55 each, over a period of twelve consecutive monthly installments, beginning with the 18th day of May, A. D. 1934; that plaintiff did not pay the installments which accrued upon said contract and which was to be paid thereon for either of the months of May, June or July, and that the defendant accepted from the plaintiff sums of money on account of its asserted claim and demand set forth and described in said second plea after the 18th day of July, A. D. 1934, on, to-wit: the 18th day of August, A. D. 1934, and on, to-wit: the 14th day of September, 1934, and on, to-wit: the 13th day of October, A. D. 1934, and thereafter, without any notice to the plaintiff and a reasonable opportunity to perform, and while the said automobile was in the possession of and while plaintiff was entitled to the possession thereof, the defendant took and converted the same to its own use."

Like replications were interposed to the 4th plea to the Second Count of the declaration.

The plaintiff in error has suggested that there are two questions for determination, as follows:

"First: Where there has occurred a default upon the part of Purchaser in the performance of some obligation

under his conditional sale contract and it is claimed that the Seller or his Assignee has extended the time for performance of such contract, is such extension or subsequent agreement valid and binding on the Seller or his Assignee without additional consideration?

"SECOND: Where a conditional sale agreement provided that in the event of a default in payment of installments due thereunder, Seller may declare the amounts remaining unpaid immediately due and owing and repossess the chattel being purchased without notice or demand on the Purchaser, and where the contract is subsequently modified by a valid agreement between the parties, and where Purchaser claims there was an additional agreement without consideration and Purchaser defaults in the payments agreed to be paid under the agreement as first modified, may the Seller or his Assignee repossess the chattel sold without notice or demand upon the Purchaser?"

The defendant in error submits that the matter to be determined by this Court is more properly stated as follows:

"WHERE A VENDOR, UNDER A CONDITIONAL SALES CONTRACT REQUIRING THE PAYMENT OF MONTHLY INSTALLMENTS, DOES NOT INSIST UPON THE PAYMENT OF EITHER OF THE THREE FIRST MATURING MONTHLY INSTALLMENTS AND TAKES NO ACTION TO REPOSSESS THE PROPERTY IN ACCORDANCE WITH THE CONTRACT, OR AS LEGALLY PERMITTED, AND AFTER THE EXPIRATION OF THREE MONTHS, UNDER AN AGREEABLE ARRANGEMENT WITH THE VENDEE, COLLECTS SUMS OF MONEY FROM TIME TO TIME IN PAYMENT OF THE PROPERTY COVERED BY THE CONTRACT, WITHOUT OBJECTION TO THE AMOUNTS BEING PAID, AND NEVER AT ANY TIME INSISTS UPON FULL AND COMPLETE PAYMENT OF THE PAST DUE INSTALLMENTS, MAY SUCH VEN-

DOR, WITHOUT NOTICE TO THE VENDEE OF ITS INTENTION TO REPOSSESS THE PROPERTY IN DEFAULT OF PAYMENT, AND WITHOUT DEMAND FOR PAYMENT, REPOSSESS THE PROPERTY AGAINST THE CONSENT OF THE VENDEE?"

With his contention we concur.

The rule applicable to this case appears to be fairly stated in 24 R. C. L. 480, as follows:

The seller after default on the part of the buyer may extend the time of payment and waive his right to retake possession for such default, and his promise to do so, even though no additional consideration is given therefor aside from the buyer's promise to make payment at the time extended, will preclude him from exercising his right to retake possession before the expiration of the extended time. And if the purchase money is payable in installments, a large portion of which has been paid, and the seller accepts partial payments, after the day when payment should have been completed, he can not retake the goods without notice, and without demand for the unpaid balance of the price and, in such case, a tender of the amount remaining due is sufficient to retain in the buyer the right of possession."

In the case of Universal Credit Co. v. McKinnon, 106 Fla. 849, 143 Sou. 778, we held:

"In absence of waiver of rights of assignee of conditional sale contract covering automobile, to elect to declare principal sum due, upon buyer's default assignee may take possession of automobile."

But, in this case there is substantial evidence of waiver.

The parties by their pleadings presented the issues to be tried. Those issues were determined by the jury in favor of the plaintiff and the trial court approved that determination by denying motion for new trial. There being substantial evidence in the record to support the verdict and

judgment, the Appellate Court will not reverse the judgment.

Judgment affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.