273 So.2d 96 (1973)
FORD MOTOR CREDIT COMPANY, Appellant,
v.
Milton R. WATERS, Jr., Appellee.
No. 72-441.
District Court of Appeal of Florida, Third District.
January 29, 1973.
*97 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and B. Hume Morris, II, Miami, for appellant.
Copeland, Therrel, Baisden & Peterson and Fred R. Baisden, Jr., Miami Beach, for appellee.
Before PEARSON and HENDRY, JJ., and SPECTOR, SAMUEL, Associate Judge.
HENDRY, Judge.
Appellant defendant, Ford Motor Credit Company, seeks review of that part of an amended final judgment awarding $1,000.00 punitive damages to the appellee in his action for conversion of certain personal property contained in his automobile repossessed by an agent of the appellant. Appellee Waters has filed a cross-appeal concerning the vacating of an award for compensatory damages of $738.00 for wrongful repossession of the car itself. No issue is raised by either party as to the propriety of compensatory damages of $311.00 as the value of the personal property converted by appellant.
On April 25, 1969, appellee Waters purchased a new 1970 Ford Maverick from Jones Ford, Inc., of Charleston Heights, South Carolina and signed a South Carolina automobile installment contract.[1] Appellee *98 paid $450.00 down on the car and financed the balance of the purchase price ($1,786.50) with Ford Motor Credit Company at a rate of $60.07 per month for 36 months, commencing May 28, 1969. Appellee made timely payments from May through January. At that time he received a payment deferment from the appellant. Thereafter appellee's pattern of payments was irregular and in many cases untimely. In May or June of 1970 appellee moved to Miami and fell one month behind in his payments. At that time the South Carolina office of appellant referred the account to their Miami office for collection and appellee received notice of a late payment charge from appellant. Thereafter, on July 3, 1970, appellee paid up the missed payment and his payment for June of 1970. Appellee's July payment, however, was also a month late, and his August payment was almost two months late.[2] In September, 1970, appellee received a second late payment notice and subsequently made three more payments in October and November of 1970, and in January of 1971.[3] In November, 1970, a second collection ticket was sent to the Miami office of the appellant. Appellee's automobile was repossessed on January 25, 1971, at which time appellant's records reflected that appellee was three months in arrears,[4] while appellee thought he was only a month behind. In reality, appellee was two months behind in his payments at the time of the repossession of his car.
The repossession of appellee's car was accomplished peaceably and without violence by an agent of the appellant making a duplicate set of keys to the car and driving it away from the parking lot of appellee's place of business. Appellant's agent, a Mr. Seagren, was performing his first repossession even though he had observed the procedures for same some three to five times during his six week employment with appellant. According to company procedures, Seagren returned the car to appellant's storage parking lot and inventoried the personal property therein. However, contrary to procedure, Seagren then returned the property to the automobile[5] rather than to the company to be held for the appellee. Appellee's attempts to procure the return of his property prior to the car's sale met with failure and the property was never recovered. Both parties agreed that the value of the personal property was $311.00.
Final judgment was rendered in appellee's favor after a nonjury trial and appellee was awarded $311.00 compensatory damages for the loss of his personal property, $738.00 compensatory damages for the wrongful repossession of his car, and $1,000.00 punitive damages for the conversion of his personal property. The judgment *99 was subsequently amended to eliminate the award for wrongful repossession of the car and is the subject of appellee's cross-appeal. Appellant challenges the award of $1,000.00 punitive damages.
Initially, it is our opinion that the granting of punitive damages in the instant case was proper and not an abuse of the trial judge's discretion sitting as the trier of fact under the circumstances appearing of record and before the court. In the recent case of Buie v. Barnett First National Bank of Jacksonville, Fla. 1972, 266 So.2d 657, our Supreme Court has noted:
"Punitive or exemplary damages are allowable, however, solely as punishment or `smart money' to be inflicted for the malicious or wanton state of mind with which the defendant violated plaintiff's legal right, and can only be imposed in cases where either by direct or circumstantial evidence some reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence, or utter disregard of law on defendant's party may be legitimately drawn by the jury trying the case." [Quoting Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214.]
In Richards Co. v. Harrison, Fla.App. 1972, 262 So.2d 258, 262, the First District Court of Appeal also stated that punitive damages are allowable in circumstances where the defendant:
"... [A]cts willfully or with such gross negligence as to indicate a wanton disregard of the rights of others. Punitive damages need not flow from an intentional course of conduct or intent to inflict damages but may also be allowed in such cases where there is that entire want of care which would raise the presumption of a conscious indifference to the consequences of one's action or inaction." [Emphasis supplied.]
In the case sub judice just such a showing of wanton disregard of the rights of appellee in and to his personal property appears of record, as well as an entire want of care raising a presumption of conscious indifference to the consequences. Thus, we cannot say that the trial judge abused his discretion in awarding punitive damages and we, therefore, affirm that portion of the judgment awarding same.
Appellee, however, argues by way of cross-appeal that his claim for wrongful repossession was incorrectly struck by the trial judge. We agree with this contention and reverse the final judgment insofar as it deleted the compensatory award of $738.00 for the wrongful repossession of the automobile. While it is not within our province to reevaluate the facts of a cause,[6] it is our opinion that the trial judge incorrectly applied the law to those facts.
In Commercial Credit Co. v. Willis, 126 Fla. 444, 171 So. 304, a similar contract to the one before us was entered into by the plaintiff buyer. In that case plaintiff's pattern of payments was irregular and deviated from the terms of the original contract from the first payment on. (The contract was assigned to the appellant Commercial Credit Co. prior to the first payment.) Upon repossession of the car for a default in payment under the contract, without notice to the plaintiff, the court affirmed a jury verdict for the plaintiff and stated (171 So. at 306):
"The seller after default on the part of the buyer may extend the time of payment and waive his right to retake possession for such default, and his promise to do so, even though no additional consideration is given therefor aside from the buyer's promise to make payment at the time extended, will preclude him from exercising his right to retake possession before the expiration of the extended time. And if the purchase money *100 is payable in installments, a large portion of which has been paid, and the seller accepts partial payments, after the day when payment should have been completed, he cannot retake the goods without notice, and without demand for the unpaid balance of the price and, in such case, a tender of the amount remaining due is sufficient to retain in the buyer the right of possession." [Emphasis supplied.]
In the case sub judice, we are of the opinion that the facts adequately fall within those set out in the above emphasized portion of the Commercial Credit case, supra. This does not mean, however, that we feel that the appellant herein has waived his right to declare a default and repossess the automobile of appellee as was the case in Commercial Credit. This result is precluded due to that portion of the contract that provides, "Waiver by Seller of any default shall not be deemed a waiver of any other default." See: Kent v. Tallahassee Motor Co., 141 Fla. 789, 193 So. 821. But waiver is not the issue before us. The issue is the right of the buyer to rely upon the prior dealings that had taken place and the buyer's right to be notified of a modification of such conduct on the part of the appellant. The facts before us adequately set up a pattern of conduct that would lead the appellee to believe that late payments would be accepted by the appellant and that he would be allowed to catch up in his payment arrears. Notification of a change in this pattern should have been given to appellee by appellant prior to the repossession of the automobile.
Therefore, for the reasons stated and upon the authorities cited and discussed, the amended judgment appealed from is hereby affirmed as to the punitive damage award and reversed insofar as it vacated the award for wrongful repossession of appellee's automobile.
Affirmed in part and reversed in part.
NOTES
[1] The contract provided, in pertinent part:

"9. Time is of the essence of this contract. In the event Buyer defaults in any payment, ... Seller shall have the right, at its election to declare the unpaid portion of the Time Balance, together with any other amount for which Buyer shall have become obligated hereunder, to be immediately due and payable. Further in any such event, Seller, its agents or representatives, may take immediate possession of the Property, including any equipment or accessories, and for the purpose Seller, its agents or representatives, may enter upon the premises where the Property may be and remove same, and Seller may take possession of any other items in or on the Property, at the time of repossession, wherever such other items may be, and hold same temporarily for Buyer without liability on the part of Seller... . Waiver by Seller of any default shall not be deemed a waiver of any other default.
"10. This contract constitutes the entire agreement between Buyer and Seller and no modification of any of the terms and conditions herein shall be valid in any event, and Buyer expressly waives the right to rely thereon, unless made in writing duly executed by Seller."
[2] The payment was two months late due to a clerical error on the part of the appellee's bank that resulted in his check for the payment being dishonored initially.
[3] Appellee's final payment was made on January 21, 1971, four days prior to the repossession.
[4] Appellee's final payment was not credited to his account until after the car was taken even though it was made four days prior thereto.
[5] The parking area for the cars was accessible to persons other than appellant's agents and the witness Seagren was not sure whether he locked the car after placing appellee's property back in it.
[6] Westerman v. Shell's City, Inc., Fla. 1972, 265 So.2d 43.