PER CURIAM.
This is an appeal by plaintiff in an action for conversion of an automobile brought against the defendants-appellees. The trial court directed a verdict in favor of the individual defendants and struck plaintiff’s claim for punitive damages against the corporate defendant. The jury returned a verdict against the corporate defendant in the amount of $2,000.00 as compensatory damages. Upon motion of the defendant the trial court granted a new trial on the ground that the amount of the verdict shocked the judicial conscience of the court. Appellant has assigned these rulings of the trial court as error and urges reversal.
From our consideration of the record on appeal, briefs and argument of counsel we have concluded that the trial court erred in directing a verdict in favor of the individual defendants and striking the claim for punitive damages.
 The rule in Florida is that “punitive damages are allowable where circumstances surrounding the conversion are such as to show fraud, actual malice, deliberate violence or oppression or such gross negligence as to indicate a wanton disregard of rights of others.”[1] We think there was sufficient proof adduced as to all the defendants’ involvement in the alleged conversion as to have required submission of the question of liability and punitive damages to the jury. We hold that it was error for the court to rule otherwise.
As to the trial court’s order granting a new trial to the corporate defendant, we have concluded that no error has been made to appear. Therefore we affirm the order granting a new trial and reverse the order granting a directed verdict in favor of the individual defendant and the order striking plaintiff’s claim for punitive damages against the corporate defendant.
Affirmed in part and reversed in part.

. Doral Country Club, Inc. v. Lindgren Plumbing Co., Fla.App.1965, 175 So.2d 570; Ford Motor Credit Co. v. Waters, Fla.App.1973, 273 So.2d 96, and cases cited therein.