311 So.2d 160 (1975)
NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, a Massachusetts Corporation, Appellant,
v.
LUXURY HOME BUILDERS, INC., a Dissolved Florida Corporation, et al., Appellees.
No. 74-1673.
District Court of Appeal of Florida, Third District.
April 8, 1975.
*161 Shutts & Bowen and William J. Kendrick, Miami, for appellant.
Alan S. Rosenthal, Miami Beach, and Gerald E. Fine, N. Miami Beach, for appellees.
*162 Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant filed this action against the last known directors of Luxury Home Builders, Inc., a dissolved Florida corporation, as trustees of the property of said corporation, the owner of the property involved, for the foreclosure of two mortgages thereon.
One of the mortgages, made on June 4, 1964, was given by D.H. Overmyer Warehouse Company of Florida to the First National Bank of Miami, to secure a promissory note of that date from the former to the latter, in the principal sum of $600,000. The note provided for payment of interest at the rate of five and three quarters percent per annum until January 1, 1965 or until the note was "assigned" to New England Mutual Life Insurance Company, whichever should be sooner, and thereafter at the rate of six percent per annum. The note and the mortgage contained acceleration clauses.
The note provided for payment of the principal and interest in 79 installments of $12,930, payable on the first days of January, April, July and October of each year. By a written agreement of the parties, made on March 15, 1965, the times for payments under the note and mortgage were changed to require the payment of such installments to be made on the first days of March, June, September and December of each year, with the first such payment to become due on June 1, 1965, and the last of such payments to be due on January 1, 1985.
On March 15, 1965 the said note and mortgage were transferred and assigned by the mortgagee to New England Mutual Life Insurance Company.
On June 1, 1965 the mortgagor made and delivered to New England Mutual Life Insurance Company a promissory note for $40,000, at interest of six percent per annum, with provision for payment of principal and interest in quarterly installments of $862, to commence on September 1, 1965. That note was secured by a second mortgage made by the warehouse company to the insurance company. Both that note and the mortgage contained an acceleration clause. On June 3, 1965 those parties entered into an agreement whereby the mortgagor covenanted that a default under the second mortgage would constitute a default under the first mortgage.
Thereafter, the mortgagor sold the premises to Luxury Home Builders, Inc., subject, of course, to the said mortgages. This action was filed against the latter owner to foreclose the two mortgages, upon alleging that the installment payments due under the two mortgages on September 1, 1973 were not paid, and alleging the plaintiff had declared election to accelerate the unpaid and remaining indebtednesses thereunder, by giving notice thereof on March 5, 1974.
In response to the action to foreclose the defendant filed a pleading entitled "Petition for Equitable Relief". It was signed by counsel only, and was not verified. Therein the defendant alleged that upon purchasing the mortgaged premises from the mortgagor it had leased the premises back to its grantor (the mortgagor) for a period of twenty five years at an annual rental of $75,168, and that its inability to maintain the payments on the first and second mortgages,[1] and the defaults thereunder, were the result of its lessee having defaulted under the lease.
Plaintiff moved to strike the petition. Following a hearing the court denied the motion to strike and granted the petition, without further evidence or proofs, and ordered *163 that the mortgages be reinstated upon payment to the plaintiff of the amounts past due thereunder, plus certain attorney's fees. The plaintiff filed an appeal and an interlocutory appeal therefrom. We deal with the matter on the appeal.
Financial inability of a mortgagor (or of his grantee) resulting from personal or business misfortune as a reason for defaulting, is not ground for a court to deprive a mortgagee of his contract right to accelerate the balance of a mortgage indebtedness for a default and to foreclose therefor. Morris v. Waite, 119 Fla. 3, 160 So. 516; Home Owners Loan Corporation v. Wilkes, 130 Fla. 492, 178 So. 161, 163. "Such an agreement [for acceleration] is not prohibited by statute, nor is it against public policy; it is not in the nature of a forfeiture nor a hard contract which it would be unconscionable to enforce." Treb Trading Co. v. Green, 102 Fla. 238, 135 So. 510, 136 So. 688. A contract right, which by constitutional provision is immune to impairment by legislative action, should not be impaired or abrogated by a court.
However, the holder of such a contract right may so act with reference thereto that he may be held to have waived it, or to be estopped to enforce it, and where such action by the mortgagee is pleaded in defense of a foreclosure involving acceleration, and is proved to have occurred, the court may refuse to permit foreclosure upon acceleration. See Campbell v. Werner, Fla.App. 1970, 232 So.2d 252, 256 and cases cited there.
In Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751, in which it was held that a court of equity may refuse to foreclose a mortgage when acceleration would be an inequitable or unjust result and the circumstances would render the acceleration unconscionable, it is clear from the opinion in that case that the circumstances, as there referred to, for which it would be unconscionable to permit foreclosure upon acceleration, are those where the mortgagee has waived the right to accelerate, or has so acted as to have lulled or misled the mortgagor (or owner) into a reasonable belief that for an existing default or a subsequent such default the mortgage indebtedness would not be accelerated. Thus in Kreiss the Court said: "Does the answer show a waiver by conduct that will estop the complainant from exercising his option under the acceleration clause of the mortgage?" The Court answered that question in the affirmative, where it was established that following two successive defaults in payment of installments of interest, instead of accelerating for the balance, the mortgagee had informed the mortgagor that the latter would be required to pay interest on the defaulted items, thereby implying lack of intent to accelerate for such a default.
Also, as shown in Kreiss, delay following a default will not operate to estop a mortgagee from exercising a contract right to accelerate unless the delay is for an unreasonable period; and while acceleration can be obviated by a tender by the mortgagor (owner), made after a default or defaults, to pay all amounts due, in order for such a tender to be effective it must be made before an election to accelerate is made, and it need be a valid tender of payment of the amounts due, and not simply an offer therefor.
In the instant case it was not shown that any such valid tender was made prior to the acceleration which was made by the mortgagee by giving notice thereof on March 5, 1974. Nor did the defendant's petition show any action taken by the mortgagee, following the default, for which the mortgagee could be held to be estopped to accelerate.
Moreover, as contended by the appellant, the order precluding the plaintiff from foreclosing and providing for reinstatement of the mortgage, not based on any competent substantial evidence of a waiver or of facts sufficient to estop the exercise *164 of the right to accelerate, was entered, without trial, on an unverified petition of counsel, prior to the defendants having answered the complaint.
The plaintiff's motion to strike the petition for equitable relief should have been granted, with leave to the defendant to file answer to the complaint. If defendant's answer should include a factual predicate for an asserted equitable defense against foreclosure on the basis of acceleration, the merits thereof could be determined on trial, as to its sufficiency for equitable relief under the applicable decisions. See Campbell v. Werner, supra, and authority cited there.
The order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
NOTES
[1] Whether the defendant corporation, as grantee of the mortgagor, was required to make such payments because of having assumed the mortgages, or as a practical matter of necessity to protect its interest, was not shown.