353 So.2d 191 (1977)
Earl M. THOMPSON, William E. Thompson and James A. Thompson, Appellants,
v.
B. G. GROSS, Mina C. Cross, Walter C. Ward and Joanna King Ward, Appellees.
No. 76-1537.
District Court of Appeal of Florida, Third District.
December 20, 1977.
*192 Edward C. Vining, Jr., Miami, for appellants.
Richard W. Wasserman, Miami Beach, for appellees.
Before HENDRY, C.J., and NATHAN and HUBBART, JJ.
HENDRY, Chief Judge.
This appeal is taken from a final judgment rendered in favor of appellees/defendants and against appellants/plaintiffs in a suit filed by the latter seeking the reformation of a note and mortgage to conform with the provisions of a prior preliminary deposit receipt.
Appellants have raised three points on appeal, none of which we believe warrant reversal of the final judgment.
Firstly, appellants claim as error the learned chancellor's failure to apply "the rule" (as to the exclusion of witnesses from the courtroom) to appellees' co-counsel. The exclusion of witnesses from the courtroom is, however, within the sound judicial discretion of the trial court, and unless an abuse of that discretion is shown, such ruling will not be disturbed on appeal. Beavers v. Conner, 258 So.2d 330 (Fla.3d DCA 1972); 32 Fla.Jur. Trials, § 14 (1960). No abuse of the chancellor's discretion has been shown.
Appellants' second point argues that based upon the facts before the chancellor, reformation of the note and mortgage should have been granted. After carefully reviewing the record, however, it is our opinion that there was competent substantial evidence to support the chancellor's finding that appellants, by their action and inaction, waived their rights, or were estopped to assert their rights, to have the instruments modified or reformed. The record reveals that appellants accepted the mortgage payments from appellees in the alleged "mistaken" amount for seventeen (17) months before the "mistake" was found. It took appellants another ten (10) months from the time of the discovery to actually institute suit. As such, there was no error in denying reformation on the basis of either estoppel or waiver. See generally 5 Fla.Jur. Cancellation, Reformation, and Rescission of Instruments, §§ 42, 43 (1955).
Appellants lastly contend that the chancellor erred in allowing appellees to amend their answer to conform with the evidence, to reflect the affirmative defenses of estoppel, waiver and laches. We disagree, for Fla.R.Civ.P. 1.190(b) provides for the amending of pleadings to conform with the evidence in those situations when issues not raised by the pleadings are tried by either the express or implied consent of the parties. Sub judice appellants neither objected to any testimony elicited by appellees during the course of the trial aimed at establishing the various affirmative defenses nor effectively showed where such amendment had prejudiced them in maintaining their law suit. See Trawick's Florida Practice and Procedure, § 14-6 (1977).
Accordingly, after carefully reviewing the record, briefs, and arguments of counsel, it is our opinion that the final judgment appealed from must be, and is hereby, affirmed.
Affirmed.