SCHWARTZ, Judge.
The plaintiff appeals from an adverse summary judgment in an action for breach of an “employment” contract under which the plaintiff was to operate the cocktail lounge at the Marco Polo Hotel, which is owned by the defendant-appellee. The basis of the ruling below was stated in the summary judgment as follows:
“. . . paragraph 13 of the agreement in question provides either party with the right to terminate the contract for any reason by giving the other party three (3) days written notice, and . there is no genuine issue of material fact that the Defendant, BENNETT M. LIFTER, INC., elected to terminate the contract in question, . . . ”
We reverse because the record demonstrates that although the defendant may have “elected” or desired to terminate the agreement, there remains, at the least, a triable issue as to whether, prior to the alleged breach, it gave Baker the three day written notice required by the terms of the agreement itself. See Bernecker v. Bernecker, 60 So.2d 399 (Fla.1952); Cadillac LaSalle Co. of Palm Beach, Inc. v. Claude Nolan, Inc., 118 Fla. 250, 158 So. 883 (1935); cf. Saul J. Morgan Enterprises, Inc. v. 57th Avenue Development Corp., 305 So.2d 18 (Fla. 3d DCA 1974), cert. denied, 314 So.2d 586 (Fla.1975); 7 Fla.Jur. Contracts § 174 (1956). Since the defendant likewise did not conclusively establish either (a) that the *42 written notice requirement had been waived, Ramagli Realty Co. v. Speier, 110 So.2d 71 (Fla. 3d DCA 1959), cf. Thompson v. Gross, 353 So.2d 191 (Fla. 3d DCA 1977); (b) that it had not in fact breached the agreement by interfering with the plaintiff’s ability to perform, Gulf American Land Corp. v. Wain, 166 So.2d 763 (Fla. 3d DCA 1964); or (c) that the plaintiff had sustained no damages as a result of the alleged breach, we conclude that summary judgment was inappropriately entered, Holl v. Talcott, 191 So.2d 40 (Fla.1966); Beckerman v. Greenbaum, 347 So.2d 141, 142 (Fla. 2d DCA 1977); and the cause is therefore remanded for trial.
Reversed and remanded.