380 So.2d 1322 (1980)
NORTHSIDE BANK OF MIAMI, a Florida Banking Corporation, Appellant,
v.
Jules LA MELLE and Adeline La Melle, His Wife, Etc., et al., Appellees.
No. 79-1565.
District Court of Appeal of Florida, Third District.
March 18, 1980.
Layne & Brill and Richard Bernstein, Miami, for appellant.
Simon, Schindler & Tripp and Judith A. Bass, for appellees.
*1323 Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
The plaintiff-mortgagee appeals a summary final judgment denying foreclosure of its mortgage. In the complaint, the plaintiff elected to accelerate the principal sum due because defendants were allegedly delinquent in making their monthly installment and had allowed the insurance on the property to lapse. The defendant-mortgagors filed an answer containing a general denial and an affirmative defense of estoppel and unconscionability alleging that the bank had a long history of accepting late monthly installments on the mortgage. The affidavits, depositions and record of payment before the trial court completely supported the affirmative defense of unconscionability, New England Mutual Life Insurance Company v. Luxury Home Builders, Inc., 311 So.2d 160 (Fla. 3d DCA 1975); Koschorek v. Fischer, 145 So.2d 755 (Fla. 2d DCA 1962); Lieberbaum v. Surfcomber Hotel Corp., 122 So.2d 28 (Fla. 3d DCA 1960), and the affirmative defense of estoppel, Ford Motor Credit Company v. Waters, 273 So.2d 96 (Fla. 3d DCA 1973). Here, the failure of the mortgagors' affidavits to be served twenty days prior to the time fixed for the hearing on their motion for summary judgment, required by Florida Rule of Civil Procedure 1.510(c), was immaterial because the same evidence was already before the court through depositions. See Wood v. Kleaveland, 64 So.2d 684 (Fla. 1953). Moreover, the mortgagee failed to file any counter-affidavits in opposition to the supporting evidence that the property had been continuously insured so as to avoid the consequences of an adverse summary judgment. Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975), cert. dismissed 336 So.2d 105 (Fla. 1976).
Affirmed.