402 So.2d 441 (1981)
Stephen SMITH and Tina Smith, His Wife, Appellants,
v.
Edward LANDY and Sandra Landy, His Wife, Appellees.
No. 80-2434.
District Court of Appeal of Florida, Third District.
July 7, 1981.
Rehearing Denied September 8, 1981.
Howard L. Kuker, Miami, for appellants.
Edward Landy, in pro. per.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
We affirm the judgment of the trial court which, inter alia, denied the appellants' demand for acceleration of mortgage amounts due and foreclosure of the Landys' rights in the mortgaged real property upon a holding that (1) the appellants have failed to demonstrate that the trial court abused its discretion, there being evidence (i.e., Mr. Smith's own testimony that the Landys were "always" late in making mortgage payments) from which the trial court could have concluded that the Smiths, having acquiesced in this lateness, were estopped from asserting their right to acceleration and foreclosure without first giving the Landys notice of their intention to declare a default, see Commercial Credit Co., Inc. v. Willis, 126 Fla. 444, 171 So. 304 (1936); Jaudon v. Equitable Life Assurance Society of United States, 102 Fla. 782, 136 So. 517 (1931); Northside Bank of Miami v. LaMelle, 380 So.2d 1322 (Fla. 3d DCA 1980); Montgomery Enterprises, Inc. v. Atlantic National Bank of Jacksonville, 338 So.2d 1078 (Fla. 1st DCA 1976); Koschorek v. Fischer, 145 So.2d 755 (Fla. 2d DCA 1962); (2) this result is unaffected by the failure of the Landys to specifically plead estoppel as an affirmative defense where the issue of estoppel was supported by evidence and tried by the implicit consent of the parties, Fla.R.Civ.P. 1.190(b); cf. Thompson v. Gross, 353 So.2d 191 (Fla. 3d DCA 1977) (no error in allowing defendants to amend pleadings to conform with the evidence to reflect affirmative defense of estoppel).
Affirmed.