416 So.2d 45 (1982)
AMERIFIRST FEdERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI, a United States Corporation, Appellant,
v.
CENTURY 21 COMMODORE PLAZA, INC., a Florida Corporation, Formerly Known As Saul J. Morgan Enterprises, Inc., a Florida Corporation, et al., Appellees.
No. 81-2017.
District Court of Appeal of Florida, Third District.
July 6, 1982.
*46 Blackwell, Walker, Gray, Powers, Flick & Hoehl and Todd A. Cowart and James E. Tribble and J. Frost Walker, III, Miami, for appellant.
Floyd, Pearson, Stewart, Richman, Greer & Weil and William C. Hearon, and Gerald F. Richman, Miami, for appellees.
Before HENDRY and DANIEL S. PEARSON, JJ., and WOODROW M. MELVIN (Ret.), Associate Judge.
PER CURIAM.
The trial court's final summary judgment in favor of Century 21 Commodore Plaza, Inc., finding
"1. Following institution of this action involving a mortgage upon which a defendant had been making payments for more than ten years, the Plaintiff affirmatively sought from Defendants payments on the mortgage in question for the months of December, 1979 through March, 1980, including all outstanding and allegedly defaulted amounts with interest thereon.
"2. All such payments sought by the Plaintiff following the institution of this suit were received and accepted by the Plaintiff.
"3. On March 19, 1980, following a request by Plaintiff, the March payment under the mortgage, including interest and principal in a total amount of $9,535.00, was accepted without any qualification whatsoever by the Plaintiff. Plaintiff did not in any way seek to qualify said payment until weeks after its receipt and unqualified acceptance.
"4. Plaintiff has continued to accept subsequent payments of principal and interest through and including the present time, although Plaintiff now maintains that such acceptance is intended to be without waiver of its right to acceleration.
"5. To allow the Plaintiff the right to foreclosure and accelerate the mortgage after the unqualified acceptance of the March, 1980 installment which essentially brought principal and interest current under the terms of the mortgage would be inequitable, would result in the unjust enrichment of the Plaintiff, and would constitute an unconscionable forfeiture. See, e.g., Groner-Youngerman v. [Denison] Dennison, 117 So.2d 210 (Fla. 2 DCA 1959); Kreiss Potassium Phosphate Co. v. Knight, [98 Fla. 1004] 124 So. 75, 756 [sic] (Fla. 1929)."
is affirmed.
It is axiomatic that a court of equity may refuse to foreclose a mortgage when an acceleration of the due date makes acceleration unconscionable and foreclosure inequitable and unjust. River Holding Company v. Nickel, 62 So.2d 702 (Fla. 1952); Northside Bank of Miami v. La Melle, 380 So.2d 1322 (Fla. 3d DCA 1980); Clark v. Lachenmeier, 237 So.2d 583 (Fla. 2d DCA 1970); Althouse v. Kenney, 182 So.2d 270 (Fla. 2d DCA 1966). While neither mere delay on the part of the mortgagee in exercising its right to accelerate, see Kreiss Potassium Phosphate Company v. Knight, 98 Fla. 1004, 124 So. 751 (1929), nor the mortgagor's willingness to cure a default after an election to accelerate has been made, Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970), nor tender of amounts due after such an election, see Kreiss Potassium Phosphate Company v. Knight, supra; New England Mutual Life Insurance Company v. Luxury Homebuilders, Inc., 311 So.2d 160 (Fla. 3d DCA 1975), is a ground for depriving a mortgagee of its contractual right of acceleration and foreclosure, the request to and acceptance from the mortgagor of substantially all amounts due under the mortgage, as here, is such conduct on *47 the part of the mortgagee which will justify a court of equity in refusing to foreclose a mortgage, notwithstanding that the conduct comes after an election to accelerate has been made and despite the conceded but immaterial fact that the mortgagee never explicitly waived its election to accelerate. The evidence before the trial court indisputably supported Century 21's affirmative defense of unconscionability, making summary judgment proper. Northside Bank of Miami v. La Melle, supra.
Affirmed.