EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a conversion ease.
Maddox sued Humphreys, alleging conversion and fraud. The trial court granted Humphreys’s motion for a directed verdict on the fraud count but allowed the conversion count to go to the jury. The jury found in favor of Maddox. After the verdict, Humphreys made a motion for a judgment notwithstanding the verdict or in the alternative for a new trial, which motion was denied after Maddox agreed to a remit-titur of a portion of the judgment. Hum-phreys then appealed to this court. We affirm.
The facts are largely undisputed. On August 18, 1979, Maddox purchased a refrigerated trailer from Humphreys for $9,500. The agreement called for a down payment of $2,500 and installment payment of $650 per month for a period of twelve months. Pursuant to the security agreement executed by the parties, Humphreys had a security interest in the trailer and the right to retake the trailer if Maddox defaulted. All the monthly installments were made on time except for the last two. It was the arrangement of the parties for Humphreys to pick the payments up on the first of each month. In August, 1980, Humphreys informed Maddox’s wife, who also served as his secretary, not to make the last two installments as Humphreys was interested in repurchasing the trailer. Negotiations for the repurchase of the trailer were unsuccessful and there was evidence offered at trial that Maddox offered payment of the last installments to Hum-phreys, who refused them.
In the meantime, Humphreys had discovered that the trailer was being held under a mechanics lien by Thompson Transport Refrigeration, Inc. (Thompson), for repair work done to the trailer yet unpaid by *911 Maddox because of a dispute concerning the work.
Humphreys paid Thompson for the repairs to the trailer and Humphreys repossessed it, asserting his right to do so because of Maddox’s failure to make the last two payments under the purchase agreement.
Humphreys’s first contention is that he was a secured party and that a secured party has the right to repossess collateral without process if payments on that collateral are in arrears. Such is a correct statement of the law in Alabama. Reno v. General Motors Acceptance Corp., 378 So.2d 1103 (Ala.1979); Ford Motor Credit Co. v. Ditton, 52 Ala.App. 555, 295 So.2d 408, cert. denied, 292 Ala. 423, 295 So.2d 412 (1974). Humphreys would indeed have had a right to self-help repossession if Maddox had defaulted. The trial judge ably and justly instructed the jury on the right to peaceful repossession, as requested by Humphreys. The jury apparently found no default on the part of Maddox, which eliminated Hum-phreys’s right to take possession of the trailer.
Humphreys contends that there was no modification of the original security agreement, and had there been one, there was no consideration given for the modification. As for the first prong of this assertion, the question of whether there was a modification was decided affirmatively by the jury. The evidence of both Maddox and Mrs. Maddox was that Humphreys had relieved them from making the remainder of the monthly payments until a bargain for the trailer could be struck. Humphreys offered no evidence to the contrary. The jury’s verdict for the plaintiff was an acknowledgment of the existence of a contract modification.
As for Humphreys’s contention that the modification was not supported by consideration, the general rule is that “[a] subsequent agreement may be made to extend the time of payment of a note, but it must be based on a valuable consideration.” Webb v. Dickson, 276 Ala. 553, 555, 165 So.2d 103, 105 (1964). However, a creditor, by his actions may be estopped from asserting this defense where, as here, there is credible evidence of the elements of such estoppel. Ott v. Fox, 362 So.2d 836 (Ala. 1978); Commercial Credit Co. v. Willis, 126 Fla. 444, 171 So. 304 (1936); Bank of Huntsville v. Witcher, 336 So.2d 1384 (Ala. Civ. App. 1976).
Clearly, those elements as detailed in Ott v. Fox, supra, are present in the case at bar. Humphreys had personal knowledge that all but two payments had been duly made on the trailer and he suggested that these two payments not be made since he was thinking about repurchasing the trailer. Maddox acted upon this communication by Humphreys and it was this reliance that resulted in the repossession of the trailer. Therefore, the modification of the agreement was relied upon by Maddox to his detriment and to the benefit of Hum-phreys. Estoppel applies in this instance.
In his motion for a directed verdict, Humphreys contended that Maddox was not the proper party to bring this lawsuit. In the security agreement executed by Hum-phreys and Maddox, full title was granted to Maddox, only reserving a security interest in Humphreys. It provides: “Except for the security interest hereby granted, the debtor will have full title to the collateral.... ” Maddox had such adequate title to the trailer as to authorize maintenance of this action for its conversion. Johnson v. U-Haul of Southern Alabama, Inc., 357 So.2d 665 (Ala. Civ. App. 1978); Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893 (1969); Russell-Vaughn Ford, Inc. v. Rouse, 281 Ala. 567, 206 So.2d 371 (1968).
Humphreys argues that Maddox failed to prove an alternative value for the property and that the witness testifying was not competent to testify as to the market value of the trailer. The competency of expert witnesses is a matter left largely to the discretion of the trial court and its ruling upon the qualifications of expert witnesses will be sustained unless clearly and manifestly erroneous. Berdeaux v. Gamble *912 Alden Life Ins. Co., 528 F.2d 987 (5th Cir. 1976); Hulcher v. Taunton, 388 So.2d 1203 (Ala. 1980); Price v. Jacobs, 387 So.2d 172 (Ala. 1980). Such palpable abuse of discretion is absent in this case. There was evidence of the alternate value of the property-
After reviewing each of the arguments of Humphreys, we find no error in the proceeding below. The judgment of the trial court is hereby affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.