PER CURIAM.
The issue is whether the trial court erred in dismissing the plaintiff mortgagees’ foreclosure action. We affirm.
The mortgage in question provided for acceleration of the due date of the note secured by the mortgage in the event any of the property should be taken as a result of eminent domain proceedings. A portion of the secured property was, in fact, taken by such proceedings. The mortgagees then filed a complaint seeking enforcement of the acceleration provision in light of the eminent domain taking. However, the complaint failed to allege that the taking impaired the security. Indeed, there is every indication that only a small portion of the property was taken, so that the resultant breach was merely technical, and that the security was not impaired.
It is elemental that courts of equity have the discretion to refuse to foreclose a mortgage when acceleration of the due date would render foreclosure inequitable and unjust. Ameriftrst Federal Savings and Loan Association of Miami v. Centu *613 ry 21 Commodore Plaza, Inc., 416 So.2d 45 (Fla. 3d DCA 1982). Moreover, Florida courts have consistently denied foreclosure where there has been merely a technical breach of the mortgage which did not impair the security. See Delgado v. Strong, 360 So.2d 73 (Fla.1978); Weiman v. McHaffie, 448 So.2d 1127 (Fla. 1st DCA 1984).
Assuming the facts to be as the plaintiffs have alleged, plaintiffs have nonetheless failed to state a cause of action upon which relief can be granted, for they have failed to meet the threshold requirement of alleging that the violation of the mortgage agreement placed their security in jeopardy. See Consolidated Capital Properties, II, Ltd. v. National Bank of North America, 420 So.2d 618 (Fla. 5th DCA 1982).
Accordingly, the order on appeal is AFFIRMED.
GLICKSTEIN and HURLEY, JJ., and OWEN, WILLIAM C., Jr., Associate Judge, concur.