484 So.2d 61 (1986)
Albert WALKER and Pauline Walker, Appellants,
v.
FORD MOTOR CREDIT CO., Appellee.
No. BF-167.
District Court of Appeal of Florida, First District.
March 3, 1986.
Charles E. Russell of Grass & Russell, P.A., Pensacola, for appellants.
John F. Windham of Beggs & Lane, Pensacola, for appellee.
*62 ZEHMER, Judge.
The Walkers filed a complaint against Ford Motor Co. (Ford) alleging causes of action for conversion, replevin, trespass, and loss of consortium arising out of Ford's repossession of their automobile. They contend the trial court erred in granting summary judgment for Ford, arguing that Ford's actions in accepting late payments for substantially all the installments on the four-year note resulted in waiver or estoppel of Ford's right to repossess for failure to make the last four payments on time. We reverse upon our finding that factual issues regarding estoppel and waiver by Ford preclude summary judgment.
On March 16, 1979, the Walkers purchased a 1979 Mercury, financed through Ford Motor Credit Company. The financing contract stipulated forty-eight monthly payments in the amount of $242.88 on the 24th of each month. Between April 24, 1979, and November 9, 1982, Ford accepted forty-three monthly payments from the Walkers, forty-one of which were accepted late. Many of the accepted payments were two months late, and all of them were at least one month late. On December 13, 1982, the Walkers were overdue on their October 24 and November 24 payments, and Ford sent them a notice of default and intent to repossess, informing them that if they did not bring all payments current by December 23 the automobile would be repossessed. On December 22, Ford received and accepted a check for the October payment. The Walkers requested that they be allowed an additional week to make the November payment. Two weeks later, on January 5, 1983, the November payment was made by check and negotiated by Ford. The check was not accepted by the bank and was returned on January 11. The check was redeposited on January 12 but again was returned by the bank on January 18. On January 19 the account supervisor for Ford attempted to call Mr. Walker, was unable to reach him, and left a message for him to call Ford. On January 20 the account supervisor called Mr. Walker at his place of employment and informed him that Ford had received another bad check. Mr. Walker stated he would be in the following day with cash sufficient to pay both the November and December installments. When Mr. Walker failed to appear the following day, the account supervisor again called him and was told by Mr. Walker that he would be in the next day to make the payments. Again Mr. Walker failed to appear and the account supervisor was unsuccessful in reaching him at either his place of employment or his home. On February 2, 1983, the Walkers' automobile was repossessed without further notice of default and intent to repossess. The record contains no evidence that the value of the automobile was rapidly depreciating making necessary immediate repossession to protect Ford's security interest; rather, subsequent sale of the car showed the value to be in excess of the balance due on the note.
On March 2, 1983, the Walkers filed a complaint against Ford seeking damages because Ford had improperly repossessed their automobile. On January 7, 1985, summary judgment was entered in favor of Ford upon the court's finding that there were no disputed issues of fact and that Ford was entitled to judgment as a matter of law. The court noted that the Walkers received notice of default and intent to repossess which, in accordance with Quest v. Barnett Bank of Pensacola, 397 So.2d 1020 (Fla. 1st DCA 1981), placed them on notice that they could no longer reasonably rely on any alleged prior practices regarding acceptance of late payments. The Walkers appeal this final summary judgment.
The case law in Florida is clear that a creditor may conduct itself in such a manner that it either waives its right to declare a contract in default or is estopped to do so without first giving the debtor notice of its intent to declare a default. Montgomery Enterprises, Inc. v. Atlantic National Bank of Jacksonville, 338 So.2d 1078, 1080 (Fla. 1st DCA 1976), and cases cited therein. When a creditor's conduct in habitually accepting late payments rises to *63 the level of a waiver, then notice of intent to declare a default is ineffective to revoke such waiver and allow repossession; the creditor must pursue other remedies, such as a suit on the note. Thomas N. Carlton Estate v. Keller, 52 So.2d 131 (Fla. 1951). Cf. Enfinger v. Order of United Commercial Travelers, 156 So.2d 38 (Fla. 1st DCA 1963).
In the present case, Ford accepted late payments on the first forty-three of forty-eight monthly payments and, with only five payments remaining, notified the Walkers they were in default and that it was Ford's intent to repossess unless they brought the payments up to date by December 23, 1982. While the Walkers made the October payments within the stated time, Ford agreed to extend the time for the November payment by one week, but thereafter accepted a check more than two weeks late. Ford continued to negotiate, accepting late payments from Walker until it unilaterally repossessed the Walkers' automobile on February 2, 1983, without giving any additional notices that it not only still considered Walker in default but also that it intended to repossess the automobile because Ford had not received timely payment. Whether Ford's acceptance of the late November payment and its continued negotiations with Mr. Walker was sufficient to lead the Walkers to believe that Ford had no intention of repossessing raises unresolved questions of fact for the jury. See Commercial Credit Co. v. Willis, 126 Fla. 444, 171 So. 304 (1936). We are unable to say as a mater of law that the notice of default and intent to repossess constituted a new agreement between the parties as was the situation in Quest v. Barnett Bank of Pensacola, 397 So.2d 1020. In Quest the parties entered into a new loan agreement which vitiated the prior course of dealing between the parties. The record in this case does not establish as a matter of law that a similar new agreement was made by the parties. Since the record does not establish that all inferences to be drawn from the evidentiary facts are undisputed and that entry of judgment for Ford is required as a matter of law, the summary judgment must be reversed.
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.