## ATLANTIC NATIONAL BANK v MORRIS

Case No. 86-1675-SP-12-C

County Court, Volusia County

March 16, 1987

**APPEARANCES OF COUNSEL**

**R. Jason DeGroot** for plaintiff.

**Rose M. Levering** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard before the Court for trial and the Court having heard the testimony of the witnesses and examined the exhibits placed in evidence finds as follows:

This is an action to recover a deficiency judgment. The planitiff through its witness and documentary evidence has proven a prima facie case.

The defendant however has raised as an affirmative defense unreasonable notice of a private sale. The evidence shows that the notice was in the form of a letter dated December 12, 1985 stating that the property will be sold at private or public sale *after* December 22, 1985. The letter was mailed by certified mail and indicates that the defendant acknowledged receipt of the letter on December 20, 1985. The actual sale of the motor vehicle was made by private sale on January 31, 1986. The defendant never contacted the plaintiff from the time she received the letter until it was sold on that date.

The court finds that giving 10 days notice that the motor vehicle will be sold thereafter is sufficient. Reasonable time is measured from the date of mailing, not the date of receipt, since the plaintiff has no control of the operation of the U. S. Postal Service after the letter is mailed.

The defendant also raises the defense of waiver by the plaintiff in seeking a deficiency judgment by reason of the fact that plaintiff consistently accepted late payments from the defendant and relies on the case of *Ford Motor Company v. Waters, Jr.*, (273 So.2d 96).

Assuming this to be a fact, the security agreement specifically states:

"Acceptance of late or partial payments even though marked 'payment in full' does not constitute a waiver of Bank's rights under the note."

Therefore, the defendant's affirmative defense of waiver by reason of acceptance of late payments by the plaintiff is excluded from the contract.

IT IS THEREFORE,

ORDERED AND ADJUDGED that the plaintiff, Atlantic National Bank of Florida do have and recover of and from the defendant Monica B. Morris the sum of $1,016.42 and reasonable attorney's fees in the sum of $250.00 together with costs in its behalf expended and taxed at $43.00 for which let execution issue.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida this 16th day of March, 1987.