300 So.2d 759 (1974)
Lewis Russell LAUCK, Appellant,
v.
GENERAL TELEPHONE COMPANY, a Florida Corporation, Appellee.
No. 73-259.
District Court of Appeal of Florida, Second District.
September 27, 1974.
E.B. Rood, Rood & Charlton, and Theodore D. Lindgren, Tampa, for appellant.
*760 Daniel A. Carlton, Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellee.
McNULTY, Acting Chief Judge.
In this action for damages appellant sued in two counts, each seeking recovery for fire damage allegedly caused when lightning struck a main telephone line and flowed through the wires into appellant's barn-office building in which telephone service had been installed by appellee/General Telephone Company.
Count I, predicated on negligent installation, was dismissed because the trial court found it on its face to be barred by the statute of limitations. Count II, sounding in implied warranty of fitness, was dismissed for failure to state a cause of action and, in addition, the court found that it too was barred by the statute of limitations. The ad damnum included damage to the real estate, more specifically the barn-office building permanently attached thereto, and a claim for the loss of the personal property within such building.
The barn caught fire in May 1969 and this action was begun in August 1972. The first question then is whether a three year statute of limitations applies as to each or either of the dismissed counts or whether a four year statute applies. Additionally, of course, the question remains whether Count II states a cause of action in the first place. We think the four year statute applies as to Count I (except for the claimed damages to the personal property) and we reverse the dismissal thereof. But we agree with the trial court that Count II does not state a cause of action on an implied warranty of fitness. As to the latter count, then, we need not fully consider the limitation question.
To dispose quickly of the claim for personal property damages we hold that such claim is clearly barred by Section 95.11(5)(c), F.S. 1973, which expressly provides that actions thereon must be commenced within three years. This action was too late.
As to the remainder of the negligence count, the negligence alleged therein related to improper grounding measures or inadequate lightning arresters used in installing the phone service to the office-barn so that, when struck by lightning, the charge flowed through the wires into appellant's building instead of being diverted to the ground. The trial court, perhaps not erroneously, considered these peculiar facts as constituting a "trespass" on or upon appellant's building. Accordingly, he was of the view that Section 95.11(5)(b), F.S. 1973, applies, which section specifically provides that "an action for trespass on real property" can only be commenced "within three years." He concluded, therefore, that the four year statute[1] relating to "any action for relief not specifically provided for" (which would include the usual negligence action) was inapplicable.
Even assuming this to be truly a "trespass" action, however, we can still articulate the applicability of the four year statute. The principal question involved is whether the "trespass" contemplated by the three year statute, i.e., section 95.11(5)(b), supra, is intended to encompass both common law trespass quare clausem fregit, i.e., a direct invasion of the property right, and trespass on the case, i.e., an indirect invasion resulting from negligence, so that it may be said that this action is thus "specifically provided for" in the statute. Our present three year statute was grandsired by the 1828 statutes which expressly listed both "trespass quare clausem fregit" and "all actions ... upon the case." In 1872, however, that statute was revised by deleting each of the above phrases and substituting therefor the present single phrase "trespass on real property." But during that time, while the narrow common law distinction between the two forms *761 of trespass were widely recognized, the single term "trespass" nevertheless came to refer only to a forcible, direct invasion of a property right and not to a mere consequential or indirect invasion resulting from a separate complained of act.[2] This latter form of trespass had come to be referred to simply as an action "on the case" and, of course, ultimately was absorbed within the generic term negligence. Its omission from the 1872 revision, therefore, was significant.
We conclude, then, that the single word "trespass" as used in the 1872 revision of our statute referred only to the forcible or direct unlawful entry on land rather than including a consequential or indirect injury thereto resulting from "trespass on the case" or negligence, and that such meaning has been carried over to our present statute.[3] This has likewise been the conclusion of a majority of other states which have considered the question[4] and we join them in holding that an action seeking damages for an indirect or consequential injury to real property and sounding in negligence is not a "trespass" action within the contemplation of a statute worded as is ours. It follows, then, that Count I herein which alleges such indirect injury is not an action "specifically" otherwise provided for in our limitation statute and is therefore one which may be commenced "within four years" pursuant to Section 95.11(4), supra.
Coming now to whether Count II states a cause of action we agree with the trial court that the complaint as framed alleges the furnishing of a service by appellee General Telephone Company as distinguished from the sale or bailment of a product; and as to the furnishing thereof it has generally been held that no warranty of fitness is implied.[5] It was properly dismissed.
But touching parenthetically on whether, assuming a valid implied warranty count, the three year statute applies, i.e., that governing actions on contracts "not founded upon an instrument in writing,"[6] we observe that grave doubt exists that our decision in Creviston v. General Motors Corporation,[7] which held that it does apply because historically in Florida such actions sound ex contractu, is a valid statement of the existing law. For one thing, our Supreme Court in quashing Creviston on other grounds[8] took pains to footnote that "... the forward trend in the area of products liability cast [sic] considerable doubt on the classification of a breach of such a warranty as ex contractu."[9] Additionally, this court in Barfield v. United States Rubber Company,[10] while not expressly overruling Creviston on the point, nevertheless, specifically receded therefrom at least to the extent of a suit brought by an ultimate consumer against a manufacturer. We there stated that even if it be said that such action be not "tortious" in the traditional sense it is not "contractual" in the traditional sense either. Accordingly, we held that it was not an action "upon a contract ... not founded upon an instrument in writing ..." as "specifically *762 provided for" within the three year statute.[11]Barfield would seem to control.
In view of the sum of the foregoing, the final judgment dismissing Count I herein should be, and it is hereby, reversed except as it applies to a claim for damage to personal property; the dismissal of Count II is hereby affirmed; and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part, reversed in part.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] Section 95.11(4), F.S. 1972.
[2] See, e.g., Encyclopedia of Pleading & Practice, 1783, Thompson Co., N.Y. 1901.
[3] The question herein will become moot as of January 1, 1975, pursuant to the provisions of Ch. 74-382, Laws of Florida 1974, which make the four year period of limitations applicable in each case.
[4] See, Annot. 15 A.L.R.3d 1228 et seq.
[5] Cf. Rostocki v. Southwest Florida Blood Bank, Inc. (Fla. 1973) 276 So.2d 475 and White v. Sarasota County Public Hospital Board (Fla.App.2d, 1968) 206 So.2d 19, cert. den., Fla., 211 So.2d 215. See also Annot. in 29 A.L.R.3d, 1425 et seq. and Frumer and Friedman, Vol. 2 § 19.02 [1] (1974).
[6] Section 95.11(5)(e), F.S. 1973.
[7] (1968) 210 So.2d 755.
[8] See, Creviston v. General Motors Corporation (Fla. 1969), 225 So.2d 331.
[9] Id. n. 1 at 332.
[10] (Fla.App.2d, 1970), 234 So.2d 374.
[11] This question, too, will become moot on January 1, 1975, pursuant to Ch. 74-382, Laws of Florida 1974, the provisions of which expressly included products liability actions within its four year limitation period along with negligence and contracts not in writing.