305 So.2d 239 (1975)
Madeline D. ROLLAND, Appellant,
v.
Ford L. THOMPSON, Appellee.
No. V-1.
District Court of Appeal of Florida, First District.
January 16, 1975.
*240 A. Frank O'Kelley and Helen C. Ellis, of Keen, O'Kelley & Spitz, Tallahassee, for appellant.
M. Stephen Turner, of Thompson, Wadsworth & Messer, Tallahassee, for appellee.

CORRECTED OPINION.
BOYER, Judge.
In 1967 a parcel of land was acquired as tenants in common by Alan Hartman, Frederick Conliffe and E.O. Rolland. Appellant here is the successor to the interest of E.O. Rolland. Ford L. Thompson, appellee here, an attorney, represented Hartman, Conliffe and Rolland incident to the acquisition of the property. Conliffe and Hartman are residents of Massachusetts. Rolland was, and appellant is, a resident of Florida. In January of 1973 Hartman visited Mrs. Rolland in Tallahassee, Florida, informing her that he and Conliffe wanted to sell their two-thirds interest in the subject property, asking if Mrs. Rolland was interested in purchasing. Several offers and counter-offers were thereafter made. Telephone conversations were confirmed by correspondence. In the meantime Hartman and Conliffe were negotiating with Thompson for the sale of their two-thirds interest in the same property. Rolland did not know of the negotiations with Thompson for the sale of their two-thirds interest in the same property. Rolland did not know of the negotiations with Thompson and there is sufficient evidence in the record to sustain the trial judge's apparent finding that Thompson did not know of the negotiations with Rolland. (It is appropriate to here recite that there has never been any allegation in this proceeding of any professional misconduct nor any unethical conduct on the part of Thompson and such was specifically stipulated during the trial below.)
The trial judge found that: "Seemingly, Hartman and Conliffe `were playing off defendant and plaintiff against each other' in an effort to escalate the price and capture the best and most attractive bargain for the property `without much regard to ethics or friendship'."
Thompson ultimately acquired from Hartman and Conliffe their undivided two-thirds interest. Mrs. Rolland claimed that a certain letter from Conliffe to her dated February 27, 1973 coupled with a letter from her to both Hartman and Conliffe dated March 8, 1973, constituted a contract for the sale and purchase of said property. She further claimed that Thompson was aware thereof and that he acquired his title from Hartman and Conliffe with knowledge of the contract between them and Mrs. Rolland, thereby entitling Mrs. Rolland to require by specific performance a conveyance of said property to her by Thompson.
Thompson filed suit in the Circuit Court against Mrs. Rolland seeking to have his title quieted as to her claim based upon *241 the alleged contract between her and Conliffe and Hartman. Mrs. Rolland counterclaimed for specific performance based upon her said alleged contract, seeking a decree requiring conveyance of the two-thirds interest by Thompson to her.
In the final judgment, the trial judge found, among other things, that:
"The Court is of the further view that neither the alleged telephone conversation of Defendant Mrs. Rolland with Mr. Thompson on March 15, 1973, nor any other circumstance established by the evidence, was sufficient to apprise Mr. Thompson of any valid priorities or equities, if any there were, to have the land deeded to her.
* * * * * *
"The law and facts of the case precludes specific performance, and justify the entry of judgment in behalf of Plaintiff, quieting the title to his undivided two-thirds interest in the land."
Mrs. Rolland urges on this appeal two points: First, she urges that the correspondence between Hartman, Conliffe and herself was sufficient to constitute a contract to purchase and to sell and that such meets the requirements of the Statute of Frauds, Florida Statutes 725.01. Secondly, appellant urges that the trial court erred in finding that there was insufficient notice to Thompson of Mrs. Rolland's prior equities and that accordingly the trial judge erred in denying specific performance to Mrs. Rolland and in quieting title in Thompson.
We do not find it necessary to consider appellant's first point because, in light of the total evidence, the trial judge was entitled to find that the facts were such that regardless of whether appellant did or did not have a valid contract with Hartman and Conliffe, Thompson was not a party to the contract, had no knowledge thereof and was not bound thereby. Under such circumstances Thompson was entitled to have his title cleared (as to the subject undivided two-thirds interest) of the alleged claim of Mrs. Rolland and she was not entitled to specific performance from Thompson. Finding therefore, as we do, that there was sufficient evidence to sustain the trial judge's finding of fact as to the sufficiency or insufficiency of notice to Thompson, we are not entitled, as an appellate court, to substitute our interpretation of the evidence for that of the trial judge, sitting as a finder of fact (Merritt v. Williams, Fla.App. 1st 1974, 295 So.2d 310 and cases therein cited) therefore the trial judge was correct in his ultimate judgment whether or not the basis thereof was sound. (See Jones v. Dove, Fla.App. 1st 1974, 300 So.2d 759, and cases therein cited)
If appellant has a valid contract to purchase from Hartman and Conliffe (which issue we find it unnecessary to consider) her remedy is against them and not appellee.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.