326 So.2d 189 (1976)
Harry SMITH, Jr., Appellant,
v.
CONTINENTAL INSURANCE COMPANY et al., Appellees.
No. 75-329.
District Court of Appeal of Florida, Second District.
January 30, 1976.
Rehearing Denied February 27, 1976.
*190 Mulholland & Hapner and Gordon & Maney, Tampa, for appellant.
Michael N. Brown of Allen, Dell, Frank & Trinkle, Tampa, for appellees.
SCHEB, Judge.
The trial court entered a summary final judgment in favor of the appellees/defendants, finding the appellant/plaintiff's cause of action based on negligence and implied warranty to be barred by the applicable statutes of limitation. We reverse.
The appellant/plaintiff Harry Smith, Jr. sued various defendants to recover for personal injuries, joining the appellees Kovens, and their insurer as additional defendants on March 22, 1973. Plaintiff Smith alleged that he was an invitee at Causeway Inn in Hillsborough County on April 29, 1969, and that while still in the dining room talking with a friend at the conclusion of dinner, he was struck and injured by a chandelier which fell from the ceiling. The fact that the appellees Kovens, as building contractors, completed the building no later than 1961 is undisputed.
The effect of the trial court's ruling was to hold: (a) the statute of limitations commenced running at the time of alleged negligence by the defendant builders and not from the time of the plaintiff's injury; and (b) the plaintiff's cause of action on the theory of implied warranty was barred since it was brought more than three years after the statute started running.
*191 This appeal, therefore, presents two questions. First, when the statute of limitations starts running in an action to recover for personal injuries when based on either negligence or implied warranty; and second, the limitations period applicable for suit on theory of implied warranty against a building contractor by a plaintiff not in privity with the contractor.[1]
A statute of limitations starts running when there has been notice of invasion of the legal rights of the plaintiff, i.e., when he has been put on notice of his right of action. This long has been held to be the law in actions based on negligence. See City of Miami v. Brooks, Fla. 1954, 70 So.2d 306; Seaboard Air Line RR. Co. v. Ford, Fla. 1957, 92 So.2d 160; Foley v. Morris, Fla.App.2d 1976, 325 So.2d 35. Likewise, where an action is based on breach of implied warranty in products liability cases, it is generally held the statute starts running from the time the buyer first discovers or reasonably should discover the defect and not from the date of purchase. Creviston v. General Motors Corp., Fla. 1969, 225 So.2d 331. The same reasoning should apply here since a plaintiff invitee who is not in privity with the contractor would not be on notice of any right of action until he has been injured. Obviously, in this case that time was when the plaintiff was struck by a falling chandelier. See Vilord v. Jenkins, Fla.App.2d 1969, 226 So.2d 245. Appellees' reliance on 2765 South Bayshore Drive Corp. v. Fred Howland, Inc., Fla.App.3d 1968, 212 So.2d 911, and Cowan v. Turchin, Fla.App.4th 1972, 270 So.2d 449, is misplaced for unlike the case at bar, these cases involved actions by one contracting party against another where the injured party had an opportunity for inspection prior to acceptance of the completed building or equipment. Therefore, we must reverse the trial court's dismissal of the negligence count.
In Barfield v. U.S. Rubber Co., Fla. App.2d 1970, 234 So.2d 374, we rejected the contention that a consumer's action against a manufacturer based on an implied warranty is governed by the three year statute of limitations which relates to contract actions not founded on instruments in writing. In Barfield this court expressly receded from any suggestion in its prior opinion in Creviston v. General Motors Corp., Fla.App.2d 1968, 210 So.2d 755, rev'd. on other grounds, 225 So.2d 331, that a suit based on implied warranty by an ultimate consumer against a manufacturer is based on contract, and held that such a breach of implied warranty is governed by the four year "catch all" statute of limitations. In Lauck v. General Telephone Co., Fla.App.2d 1974, 300 So.2d 759, we commented further that assuming an implied warranty attached to the furnishing of a service, Barfield would seem to make the four year statute of limitations period applicable to such a cause of action.
We conclude that an action recovery for personal injuries against a building contractor based on a theory of implied warranty by a plaintiff not in privity with the contractor does not fall within the three year limitations period of Fla. Stat. § 95.11(5)(e)(1973), which governs an action upon a contract, obligation or liability not founded upon an instrument in writing. Rather, it is governed by the four year limitations period prescribed by Fla. Stat. § 95.11(4) (1973), which controls actions for relief not otherwise specifically provided for in Fla. Stat. Ch. 95 (1973).
In view of the foregoing, we reverse and remand to the trial court for further proceedings consistent with this opinion.
Reversed.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] It is questionable whether or not an injured party not in privity with a building contractor has a cause of action on the theory of implied warranty. Since the summary judgment below was entered on basis that the plaintiff's cause of action was barred by applicable statute of limitations, that question is not before the court and we express no opinion thereon.