349 So.2d 1187 (1977)
Linda S. HELMAN, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY and William A. Cagle, Respondents.
No. 49570.
Supreme Court of Florida.
July 28, 1977.
Rehearing Denied September 15, 1977.
*1188 Gordon V. Frederick, Sanford, and James O. Driscoll of Driscoll, Baugh, Langston, Layton & Kane, P.A., Orlando, for petitioner.
William H. Davis and Frederick J. Ward of Giles, Hedrick & Robinson, Orlando, for respondents.
SUNDBERG, Justice.
This cause is a petition for writ of certiorari to review a decision of the District Court of Appeal, Fourth District, reported at 330 So.2d 761. Because the District Court reweighed and reevaluated evidence considered by the trier of fact contrary to voluminous authority finding this practice outside the scope of appellate review, jurisdiction vests in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution. See Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972), and its progeny.
Petitioner was injured when the vehicle in which she was a passenger collided with a train owned and operated by respondents. The accident occurred at dusk when the roads were wet from precipitation. Prior to the calamity, the intersection was recognized as being perilous because one quadrant of the railroad crossing was enshrouded by trees and shrubbery. In the instant cause, the driver of the southbound pickup truck had his view of the train obstructed until he was within seventy-five (75) feet of the crossing.
*1189 Petitioner received a favorable jury verdict based upon her allegations that respondents were negligent (1) in failing to warn adequately of the oncoming train by emitting a warning whistle which was inaudible to someone in a moving vehicle, (2) in traveling at an excessive speed, and (3) in failing to maintain a proper lookout. The District Court reversed, finding there was no competent evidence to support a verdict in favor of the plaintiff. Specifically, it found the negative testimony regarding the sounding of the horn insufficient to support a finding of negligence. As to the allegation that the train was traveling at an excessive speed, the court found that the speed at which the train was traveling was not the proximate cause of the collision despite the fact that the freight was exceeding the speed limit prescribed by company rules. Similarly, the court found that where the brakeman testified that he was watching the crossing, saw the vehicle as soon as possible, yelled to the engineer, and applied the emergency brakes, failure to maintain a proper lookout could not have been the proximate cause of the accident.
We initiate this analysis by articulating three incontrovertible premises of law which are relevant to our disposition of this case. First, it is not the function of an appellate court to reevaluate the evidence and substitute its judgment for that of the jury. Herzog v. Herzog, Fla.Sup.Ct., 346 So.2d 56, filed March 10, 1977; Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Ates v. Yellow Pine Land Co., 310 So.2d 772 (Fla. 1st DCA 1975); Littel v. Hunnicutt, 310 So.2d 45 (Fla. 1st DCA 1975); White v. White, 306 So.2d 608 (Fla. 1st DCA 1975); Rolland v. Thompson, 305 So.2d 239 (Fla. 1st DCA 1975); Cook v. Cook, 305 So.2d 12 (Fla. 1st DCA 1974); Imperial Lumber Co., Inc. v. James Knowles, Inc., 267 So.2d 53 (Fla. 2d DCA 1972); Becklin v. Travelers Indemnity Co., 263 So.2d 629 (Fla. 1st DCA 1972); City of Jacksonville v. Mack, 260 So.2d 542 (Fla. 1st DCA 1972); Clem v. Clem, 215 So.2d 789 (Fla. 4th DCA 1968). Second, if there is any competent evidence to support a verdict, that verdict must be sustained regardless of the District Court's opinion as to its appropriateness. Herzog v. Herzog, supra; Greenwood v. Oates, 251 So.2d 665 (Fla. 1971); Trobaugh v. Trobaugh, 81 So.2d 629 (Fla. 1955); Glass v. Parrish, 51 So.2d 717 (Fla. 1951). Finally, the question of whether defendant's negligence was the proximate cause of the injury is generally one for the jury unless reasonable men could not differ in their determination of that question. Moyer v. Martin Marietta Corp., 481 F.2d 585 (5th Cir.1973); Brightwell v. Beem, 90 So.2d 320 (Fla. 1956); Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); Western Union Telegraph Co. v. Taylor, 94 Fla. 841, 114 So. 529 (1927); Doll v. Robbins, 303 So.2d 338 (Fla. 3d DCA 1974); Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974); Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972).
Application of these principles to the case sub judice mandates a reversal of the appellate court. On the face of its opinion, the District Court violated these rules. After conceding that respondents were negligent in exceeding their own speed regulation by five (5) miles per hour, the District Court concluded that such negligence was not the proximate cause of the injury.[1] By so concluding, the court substituted its judgment for the judgment of the jury whose function it was to determine proximate cause by drawing inferences from the evidence before it. In addition, testimony reflected the fact that the Railroad was in violation of its own rules in failing to commence sounding its whistle when it was *1190 within 1,500 feet of the crossing. The engineer testified that the whistle was not emitted until it was 1,000 feet from the intersection. Again, the jury could find respondents negligent in failing to timely sound their warning signal and infer from all the evidence before it that such negligence was a proximate cause of the accident and petitioner's resultant injuries. Because there was some competent evidence to support the jury verdict that respondents were negligent in traveling at an excessive speed and in failing to sound their whistle when required, the jury was concomitantly imbued with the function of deciding whether such negligence was a proximate cause of the injury. For the District Court's decision to be sustained, there needed to be a complete absence of competent evidence to support the verdict, or, in the alternative, it was necessary that the evidence be of such a nature that reasonable men could only conclude that the behavior of the individual driving petitioner's truck was the sole proximate cause of the accident. Neither is apparent from the record in the instant cause.
Accordingly, we are constrained to quash the decision of the District Court of Appeal, Fourth District, and remand to that court with instructions to reinstate the judgment of the trial court.
It is so ordered.
ADKINS, BOYD, HATCHETT and KARL, JJ., concur.
OVERTON, C.J., dissents with an opinion.
ENGLAND, J., dissents and concurs with OVERTON, C.J.
OVERTON, Chief Justice, dissenting.
I dissent. There is no jurisdiction in this Court. The majority is, in effect, making the District Courts only intermediate way stations whenever the sufficiency of the evidence is in issue. The petition should be denied.
ENGLAND, J., concurs.
NOTES
[1] The court states:

"... Assuming, however, that on this evidence the jury could find that (1) the train was travelling twenty-five miles per hour when it entered the intersection, and (2) speed in excess of twenty miles per hour was negligence, it is abundantly clear that the excessive speed was not the proximate cause of the collision." 330 So.2d at 765.