354 So.2d 1275 (1978)
Albert K. NEFF, d/b/a Neff Hardware, Inc., Individually and On Behalf of Grange Mutual Casualty Company, a Foreign Corporation, Appellant,
v.
GENERAL DEVELOPMENT CORPORATION, Drage Industries, the Mackle Company, and Port Charlotte Electric, Appellees.
No. 77-1226.
District Court of Appeal of Florida, Second District.
February 15, 1978.
Wade H. Parsons, Fort Myers, for appellant.
Patrick J. Murphy, of Crabtree, Butler, Syprett & Meshad, Sarasota, for appellee Drage Industries.
BOARDMAN, Chief Judge.
This is an appeal of a final judgment on the pleadings entered in favor of appellee/defendant, Drage Industries, in an action filed on April 28, 1977 by appellant/plaintiff, Albert K. Neff, d/b/a Neff Hardware, Inc.
*1276 Appellant alleged that as a result of a fire on December 18, 1973 in the shopping center complex in which he was a tenant, merchandise and equipment in his hardware store suffered extensive damage. The complaint stated that in 1969 Drage Industries had negligently performed certain electrical work in the south meter room during the remodeling of the shopping center and that this negligence was a direct cause of the fire. The pertinent portions of the complaint are as follows:
17. The Defendant, DRAGE INDUSTRIES, was an electrical contractor that did electrical work on the south meter room in 1969 during the remodeling of the Port Charlotte Shopping Plaza, for the Defendant, GENERAL DEVELOPMENT CORPORATION.
18. That the Defendant, DRAGE INDUSTRIES, was negligent in failing to correct or report the defects in the south meter room described above when such defects should have been apparent to said Defendant, and in failing to use the proper wiring when modifying the system during the remodeling project.
19. That the negligence of the Defendant, DRAGE INDUSTRIES, was a direct cause of the above described fire and was a direct and proximate cause of the damages suffered by the Plaintiff.
In granting the motion on the pleadings the trial court found that the statute of limitations, Section 95.11(3), Florida Statutes,[1] barred appellant's cause of action and implied that the clock started running in 1969 when appellee performed the work. Appellant contends that the time did not begin to run until the date the fire occurred and his cause of action arose. We are in accord with appellant's contention.
As this court stated in the recent case of Smith v. Continental Insurance Co., 326 So.2d 189 (Fla.App. 2d DCA 1976):
A statute of limitations starts running when there has been notice of invasion of the legal rights of the plaintiff, i.e., when he has been put on notice of his right of action. This long has been held to be the law in actions based on negligence.
Even though the alleged negligence occurred in 1969 it was not until the personalty was damaged that appellant was made aware of his right to bring this action and that his cause of action arose. The complaint was filed within the time period applicable to any action for injury to personal property under the applicable statute, Section 95.11(3)(h), Florida Statutes (1975).
Accordingly, the judgment appealed is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GRIMES and DANAHY, JJ., concur.
NOTES
[1] It appears that the trial judge was relying on the 1975 statute which became effective January 1, 1975. Application of that statute is not consistent with the implication that the cause of action arose in 1969. The statute of limitations applicable to an action for injury to personal property in effect in 1969 was § 95.11(5)(c), Fla. Stat. (1969) which provided for a three-year time period. See Lauck v. Gen. Tele. Co., 300 So.2d 759 (Fla.App. 2d DCA 1974). Accordingly, that statute would have barred an action arising in 1969 sometime in 1972. That same statute was in effect in 1973 when, as we hold in this case, appellant's cause of action actually did arise, and but for the revision effective in 1975 that statute would have barred this action after December 18, 1976. However, the 1975 statute relevant to actions for injury to personal property increased the time period from three to four years on January 1, 1975. § 95.11(3)(h), Fla. Stat. (1975). Absent a legislative mandate to the contrary it is the enlarged limitation period which is applicable to mature causes of action not otherwise barred prior to the effective date of the longer period. See Garris v. Weller Constr. Co., 132 So.2d 553 (Fla. 1961). Thus the statute of limitations would not have run in the case before us until December 18, 1977.