DANAHY, Judge.
Jonell Green appeals a final summary judgment in favor of the City of Tampa. The basis for the judgment was a holding by the trial court that appellant’s cause of action was barred by section 95.24, Florida Statutes (1973), a one-year statute of limitation for negligence claims against a city which was repealed as of January 1, 1975. We reverse.
Appellant’s claim accrued on October 25, 1974, and thus was unbarred when section 95.24 was repealed on January 1, 1975. On that date section 768.28, Florida Statutes (1975), which waived sovereign immunity for cities and imposed a four-year statute of limitation, became effective. That section was specifically made prospective only, applying to incidents arising after January 1, 1975. Thus, section 768.28 could not be applied to save Green’s cause of action.
We hold that the controlling statute of limitation in this case is section 95.11(3)(a), as amended January 1, 1975. Section 95.-ll(3)(a) imposes a four-year limitations period for negligence actions generally. Application of this four-year time limit, which effectively extended Green’s time for commencing her claim to October 25, 1978, is *1238 not a retroactive application, does not impair a vested right, and violates no legislative mandate to the contrary. Mazda Motors of America, Inc. v. S. C. Henderson & Sons, Inc., 364 So.2d 107 (Fla.1st DCA 1978), cert. denied, 378 So.2d 348; Neff v. General Development Corporation, 354 So.2d 1275, 1276 n.1 (Fla.2d DCA 1978). Since Green’s suit was commenced on August 25,1977, it is not barred by a statutory limitation.
Therefore, we order the trial court to reinstate Green’s amended complaint and to proceed with the cause.
REVERSED AND REMANDED.
BOARDMAN, Acting C. J., and RYDER, J., concur.