397 So.2d 1028 (1981)
Steven Lee SCHLANGER, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1358.
District Court of Appeal of Florida, Third District.
May 12, 1981.
*1029 John M. MacDaniel and Jack T. Frost, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and NESBITT and DANIEL S. PEARSON, JJ.[*]
PER CURIAM.
We affirm the trial court's denial of defendant's motion to suppress tangible physical evidence because the defendant did not meet his required initial burden, Black v. State, 383 So.2d 295 (Fla.1st DCA 1980); State v. Hinton, 305 So.2d 804 (Fla.4th DCA 1975), to demonstrate: (a) that he had either been "seized" or "stopped"; or (b) that by objective standards, the police interdicted his freedom of movement or passage. Consequently, the trial court was entitled to find that the police contact with the defendant constituted a cooperative encounter. Login v. State, 394 So.2d 183 (Fla.3d DCA 1981). Because there was no taint from an unconstitutional stop or seizure, the state was only required to show, by the preponderance of evidence, United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), that the warrantless search of the defendant's luggage, procured through his consent, was valid. The ruling of a trial court on a motion to suppress arrives in this court clothed with the presumption of correctness and we will interpret the evidence and reasonable inferences and deductions to be derived therefrom in a manner most favorable to sustain the trial court's ruling. McNamara v. State, 357 So.2d 410, 412 (Fla. 1978).
Affirmed.
NOTES
[*] Judge Daniel Pearson participated in the decision in this case but did not hear oral argument.