ERVIN, Judge.
The appellant/lessor seeks review of the trial court’s order denying both her counterclaim for cancellation of the lease agreement with appellee/lessee, as well as cancellation of the subleases entered into by the lessee and the third party defendants. The lessee cross-appeals, contending that the trial court erred in awarding attorney’s fees and costs to the lessor. We affirm as to the appeal, but reverse in part and remand as to the cross-appeal, relating to the award of attorney’s fees.
The lessor entered into a lease agreement with the lessee, wherein the latter was authorized to “sublet the leased premises or any part thereof with the written consent of the Lessor within ten (10) days after the request of the Lessee.” Three subleases were then executed: a renewal of a sublease with Lamar Corporation for the placement of a billboard on the property, a sublease with Sam Cantavespri, and a subsequent renegotiation of the Can-tavespri sublease, subletting a portion of the property to William Goliwas. The lessor contends that she did not give written consent for subletting the premises, and therefore a material breach warranting cancellation of the lease and subleases had occurred. Although the lessee does not contest the fact that written consent was not given, he argues that there is sufficient evidence in the record to show that the lessor acquiesced to the subleases by her actions. We agree. 34 Fla.Jur.2d Landlord and Tenant, section 93 (1982), provides:
*443 The lessor may waive the provision requiring written consent to a subletting either by accepting the benefits of the lease, after a subletting by the original lessee, or by a course of conduct reasonably susceptible to the construction that the lessor acquiesces in the subletting of the premises; in such case the lessor may be held to be estopped to assert a forfeiture because of breach of the stipulation.
(e.s.) The lessee testified that prior to the sublease agreement with sublessee, Canta-vespri, he not only spoke with the lessor regarding the sublease, but sent as well a letter to her confirming the conversation. In regard to the Lamar sublease, the billboard had been on the property since 1978, and the sublease agreement executed in 1983 merely renewed the term of the lease. Additionally, the lessor raised no objection to either sublease until litigation had been instigated by appellee.[1] We affirm the trial court’s finding that the lessor had acquiesced to the subleases executed by the lessee.[2] See Tallahassee Mall, Inc. v. Rogers, 352 So.2d 1272 (Fla. 1st DCA 1977).
We do find error, however, in the award of attorney’s fees to the lessor. The lease agreement signed by the parties provides that “Lessee agrees that any and all costs, expenses and charges, including reasonable attorneys fees, incurred in proceedings to enforce the provisions of this lease, or in collecting the sums secured hereby, to pay the same_” (e.s.) We interpret this provision as necessarily requiring some type of breach or noncompliance on the part of the lessee. Because the trial court found, and we agree, that the lessee had complied with the lease, we conclude that no “proceeding to enforce the provisions of [the] lease” had occurred. The lessor, therefore, was not entitled to attorney’s fees — except for that portion of the judgment for which she had in fact prevailed. As a default was entered in favor of the appellant against the third party defendant Goliwas, the lessor is entitled only to those fees and costs expended in prosecuting that portion of her counterclaim against that third party defendant. We therefore remand the cause to the trial court for the purpose of it redetermining the amount of attorney’s fees and costs awardable under the lease agreement, as to such party only.
AFFIRMED in part, REVERSED in part, and remanded for further consistent proceedings.
JOANOS and BARFIELD, JJ., concur.

. After entering into the sublease with Goliwas, the appellee informed the appellant that Goli-was wanted to raze the existing structure on the property. When the appellant objected, the ap-pellee filed a complaint and motion for declaratory judgment on the issue of whether the sub-lessee was entitled to raze the building. This issue was resolved, and the parties went before the trial court on the appellant's amended counterclaim and third party complaint.

. A default was entered against third party defendant Goliwas, and the trial court held that the appellant was entitled to cancellation of the sublease as to this party. We are therefore not confronted with, and do not address, the issue of whether the actions of the lessor in regard to the execution of this sublease were such as to constitute a waiver of the written consent requirement.