PER CURIAM.
Appellees, the Fowlers, are the fee owners of a Miami Beach hotel which was subject to a ninety-nine-year leasehold. They brought suit seeking the forfeiture of the remaining forty-five years of the leasehold against the appellant assignees [hereinafter “lessee”] of the lease. The lessee interposed the defense of equitable estop-pel, claiming that enforcement of the lease’s defaults would result in an unconscionable and inequitable eviction. At a bench trial, the evidence and testimony established that the hotel, contrary to the lessee’s obligation under the lease, had become dilapidated to the point that it was uninhabitable. The trial judge granted the forfeiture, finding that the lessee’s only material effort to comply with the lease’s terms was payment of two years’ ad valo-rem taxes plus insurance expenses and the costs of boarding up the premises to guard against premises liability. This appeal followed. We affirm.
The lessee claims that the fee owners are estopped from obtaining forfeiture because the defaults were non-monetary and because the lessee’s expenditures in boarding up the building avoided building code violations for which the fee owners would otherwise be accountable. The lessee also claims that the fee owners refused to communicate with the lessee and to consent to a proposed sale of the leasehold to a third *29 party who planned to renovate the structure.
Viewing the evidence in the light most favorable to the lessors as the prevailing party, see Cuna Mutual Ins. Soc. v. Adamides, 334 So.2d 75 (Fla. 3d DCA 1976); DeLalio v. Food Palace, Inc., 330 So.2d 835 (Fla. 3d DCA), cert. denied, 341 So.2d 1081 (Fla.1976), the trial judge acted within his discretion in determining that the owners had conditionally agreed to approve the lessee’s plan to sell the property to a party who would renovate the hotel only if: (a) satisfactory financing could be obtained and (b) architectural drawings detailing a renovation plan acceptable to the owners were submitted for the owners’ approval. While a financing plan was submitted to the owners, the lessee totally failed to present the owners with the requisite architectural plans for the hotel’s renovation for their analysis and approval. Moreover, considering the failure of the lessee to maintain the premises in a habitable condition or to contribute anything but a token and indirect benefit upon the lessors by boarding up and securing the property, the trial judge acted within his discretion to grant forfeiture and deny the lessee’s equitable defense. Accordingly, finding the other points raised to be without merit, we affirm the trial court’s order.
Affirmed.