PER CURIAM.
This is an appeal by the plaintiff Horatio Enterprises, Inc., the sublessee of certain property, from a final declaratory decree in which the defendants Martin, Marilyn, and Stanley Rabin were declared to be the sub-lessors of the subject property. Assuming without deciding that the plaintiff has standing to contest the validity of a prior assignment of the sublease in question and thus to deny that the defendants are the proper sublessors of the property which the plaintiff currently rents, we conclude that the trial court was eminently correct in concluding that the complained-of assignment was valid as a matter of law because the City of Miami, by its conduct, waived any right to invalidate the subject assignment and is now estopped to contest its validity. Moreover, we conclude that this matter was correctly resolved on a motion for summary judgment. Crossman v. Fontainebleau Hotel Corp., 273 F.2d 720, 728 (5th Cir.1959); Steen v. Scott, 144 Fla. 702, 198 So. 489 (1940); Farmers’ Bank & Trust Co. v. Palms Publishing Co., 86 Fla. 371, 372, 98 So. 143, 144 (1923); Holman v. Halford, 518 So.2d 442, 443 (Fla. 1st DCA 1988); Tallahassee Mall, Inc. v. Rogers, 352 So.2d 1272, 1272-73 (Fla. 1st DCA 1977); Gould v. Ruzakowski, 345 So.2d 842 (Fla. 3d DCA 1977); Tollius v. Dutch Inns of America, Inc., 244 So.2d 467 (Fla. 3d DCA 1970), cert. denied, 247 So.2d 437 (Fla.1971); City of Fort Walton Beach v. Southern State Steel Corp., 202 So.2d 616 (Fla. 1st DCA 1967); Great Southern Aircraft Corp. v. Kraus, 132 So.2d 608, 609 (Fla. 3d DCA 1961).
Affirmed.