PER CURIAM.
Petitioner seeks to quash the circuit court’s opinion that reversed the county court’s order which granted his motion to suppress.
The county court judge found the motion to be legally sufficient and required the state to establish the legality of the D.U.I. stop and arrest. After the state failed to produce the arresting officer, the county court judge granted the motion. On appeal, the circuit court ruled that the motion was legally insufficient and reversed the county court’s order of suppression.
Our review of the motion reveals that it was legally sufficient, although not artfully drafted. We conclude that the circuit court substituted its judgment for that of the trial judge and failed to afford the county court’s decision the presumption of correctness to which it was entitled. See Schlanger v. State, 397 So.2d 1028 (Fla. 3d DCA 1981). In doing so, the circuit court violated a clearly established principle of law which resulted in a miscarriage of justice. See Combs v. State, 436 So.2d 93 (Fla.1983).
We note that the state failed to preserve for review its argument regarding the shifting of the burden of proof; in any event, such argument is without merit. See State v. Hinton, 305 So.2d 804 (Fla. 4th DCA 1975).
Accordingly, we grant the writ of certio-rari and quash the circuit court’s September 24, 1990 opinion.
WRIT GRANTED AND OPINION QUASHED.
ANSTEAD and GARRETT, JJ., concur.
LETTS, J., dissents without opinion.