## ROSE v GAGLIOTI and HONKONIN
Case No. 90-083 AP

Eleventh Judicial Circuit, Dade County

March 8, 1991

### APPEARANCES OF COUNSEL

**Douglas H. Stein, Esquire** and **Charles M. Pasco, Esquire,** for appellant.

**Jeffrey R. Roth, Esquire,** for appellees.

Before HENDERSON, LEVINE, GREEN, JJ.

### OPINION OF THE COURT

GREEN, J.

This is an appeal of a final judgment taxing legal fees together with

court costs against appellant STEFAN ROSE ("ROSE") after Rose recovered a portion of his security deposit from appellees ROBERT GAGLIOTI ("GAGLIOTI") and BRUCE HONKONIN ("HONKONIN") in an action below. For the reasons which follow, we reverse.

Appellant ROSE had been a tenant and appellees had been landlords in a one year residential lease wherein ROSE had been required to post a $2,000 security deposit with GAGLIOTI and HONKONIN. Upon the expiration of the lease, GAGLIOTI and HONKONIN were to return this security deposit to ROSE minus any money owing and due appellees on account of any loss or damage to the rental property.

Upon the expiration of the lease, appellant demanded the return of the security deposit plus interest. When appellees refused to return any portion of the security deposit, appellant filed a complaint for the same.

Appellees answered the Complaint but sought no affirmative relief in the form of a counterclaim or otherwise. After a nonjury trial, the trial court awarded appellant only $708.73 of the security deposit and allowed appellees to retain the remainder.

Thereafter, appellees moved to tax legal fees and costs against ROSE pursuant to Florida State § 83.49(3)(c) (1989)[1] and paragraph 8 of the lease agreement.[2] After an evidentiary hearing, the trial court imposed legal fees and court costs against appellant and in favor of appellees.

We find that the trial court erred in taxing such costs pursuant to F. S. § 83.49(3)(c) because appellant was the prevailing party below notwithstanding the fact that this recovery did not equal the amount he sought against appellees. *Ashoka Enterprises, Inc. v Design Guilt, Inc.,* 536 So.2d 186 (Fla. 3d DCA 1988). Further, appellees were not entitled to recover costs and attorneys fees pursuant to paragraph 8 of the lease agreement because appellees brought no affirmative action or counterclaim to enforce a breach of noncompliance of the lease agreement on the part of appellant. *Holman v Halford,* 518 So.2d 442

---

[1] Florida Statutes § 83.49(3)(c) provides that:

If either party institutes an action in a court of competent jurisdiction to adjudicate his right to the security deposit, the prevailing party is entitled to receive his court costs plus a reasonable fee for his attorney.

[2] Paragraph 8 of the lease agreement states:

. . . Lessee shall pay all costs and expenses and attorneys fees which may be incurred or expended by Lessor in enforcing the terms, covenants and conditions of this Lease, whether through legal proceeding, including appeals, actions or Lessors attorney or otherwise with such costs, expenses and attorneys fees to be payable to Lessor immediately upon demand.

(Fla. 1st DCA 1988); *See also, Schwinder v Wilson,* 503 So.2d 932 (Fla. 3d DCA 1987).

Reverse and Remanded.