614 So.2d 555 (1993)
HORATIO ENTERPRISES, INC., Petitioner
v.
Martin RABIN, Marilyn Rabin, and Stanley Rabin, Respondents.
No. 92-179.
District Court of Appeal of Florida, Third District.
February 2, 1993.
Rehearing Denied March 30, 1993.
Lapidus & Frankel, Richard Lapidus and Marta Lederman Rub, Miami, for petitioner.
Floyd, Pearson, Richman, Greer, Weil, Brumbaugh & Russomanno, Gerald Richman and Robert J. Borrello, Miami, for respondents.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
Horatio Enterprises, Inc., petitions for a writ of certiorari to quash an order of the Appellate Division of the Circuit Court. We grant the petition.
Horatio Enterprises subleased certain property from the Rabins.[1],[2] In a county court action, the Rabins sought to evict Horatio Enterprises and terminate its long term sublease. The county court (trial court) found no defaults had occurred which would warrant the eviction or the termination of the lease.
The circuit court, sitting in its appellate capacity, reversed the county court's judgment and voided the long term sublease. The circuit court essentially retried the case by reweighing and reevaluating the evidence and, in so doing, departed from the essential requirements of law. *556 Moody v. State, 574 So.2d 260 (Fla. 4th DCA 1991) (circuit court failed to afford the county court's decision the presumption of correctness to which it is entitled). The rulings of a trial court arrive in appellate courts with the presumption of correctness and appellate courts must interpret the evidence in a manner most favorable to sustain the trial court's rulings. Schlanger v. State, 397 So.2d 1028 (Fla. 3d DCA), rev. denied, 407 So.2d 1105 (Fla. 1981); McNamara v. State, 357 So.2d 410 (Fla. 1978); Augusta Corp. v. Strawn, 174 So.2d 422 (Fla. 3d DCA 1965). An appellate court may not substitute its judgment for that of the trier of fact. In Helman v. Seaboard Coastline Railroad Co., 349 So.2d 1187 (Fla. 1977), the Supreme Court of Florida stated the following in quashing a decision of a District Court of Appeal which failed to give deference to the findings of fact by a trial court:
First, it is not the function of an appellate court to reevaluate the evidence and substitute its judgment for that of the jury. Herzog v. Herzog, Fla.Sup.Ct., 346 So.2d 56, filed March 10, 1977; Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Ates v. Yellow Pine Land Co., 310 So.2d 772 (Fla. 1st DCA 1975); Littel v. Hunnicutt, 310 So.2d 45 (Fla. 1st DCA 1975); White v. White, 306 So.2d 608 (Fla. 1st DCA 1975); Rolland v. Thompson, 305 So.2d 239 (Fla. 1st DCA 1975); Cook v. Cook, 305 So.2d 12 (Fla. 1st DCA 1974); Imperial Lumber Co., Inc. v. James Knowles, Inc., 267 So.2d 53 (Fla. 2d DCA 1972); Becklin v. Travelers Indemnity Co., 263 So.2d 629 (Fla. 1st DCA 1972); City of Jacksonville v. Mack, 260 So.2d 542 (Fla. 1st DCA 1972); Clem v. Clem, 215 So.2d 789 (Fla. 4th DCA 1968). Second, if there is any competent evidence to support a verdict, that verdict must be sustained regardless of the District Court's opinion as to its appropriateness. Herzog v. Herzog, supra; Greenwood v. Oates, 251 So.2d 665 (Fla. 1971); Trobaugh v. Trobaugh, 81 So.2d 629 (Fla. 1955); Glass v. Parrish, 51 So.2d 717 (Fla. 1951).
Helman, 349 So.2d at 1189 (emphasis added). The record in this case amply supports the trial court's findings and should not be ignored by this court.
The legal error in reversing the county court's judgment caused "a miscarriage of justice" because it resulted in a forfeiture of the sublease. See Combs v. State, 436 So.2d 93 (Fla. 1983). The circuit court had no substantial basis for voiding the lease. The record contains sufficient, competent evidence to approve the trial court's findings of fact and to deny the cancellation of the sublease.[3] The policy in this state is to strictly construe contractual provisions for forfeiture against the party seeking to invoke them. Smith v. Winn Dixie Stores, Inc., 448 So.2d 62 (Fla. 3d DCA 1984). The tenant has spent over $1,500,000 in building, maintaining and renovating the property and all the rent and taxes have been paid. The landlords have received or will receive all the money to which they are entitled. The other violations of the sublease were minor and insufficient to void the long term sublease. See Tollius v. Dutch Inns of America, Inc., 244 So.2d 467 (Fla. 3d DCA 1970), cert. denied, 247 So.2d 437 (Fla. 1971). We cannot permit equity to lend its power to forfeit this long term lease under these circumstances. A court of equity may refuse to declare a forfeiture when the effect of enforcing the tenant's default would result in an eviction which would be unconscionable, inequitable or unjust under the circumstances. Amerifirst Fed. Sav. and Loan *557 Ass'n v. Century 21 Commodore Plaza, Inc., 416 So.2d 45 (Fla. 3d DCA 1982); Smith v. Winn Dixie Stores, Inc., supra. The trial court made an equitable determnination[4] in refusing to declare a forfeiture and its determination was entitled to the presumption of correctness.
Accordingly, the decision of the appellate division of the circuit court is quashed, and we direct that the circuit court affirm the trial court's final judgment.
BARKDULL and HUBBART, JJ., concur.
BASKIN, Judge (dissenting).
The majority concludes that the decision of the appellate division constitutes a miscarriage of justice "because it resulted in a forfeiture of the sublease." Majority at 556. Because the appellate division's ruling does not depart from the essential requirements of law, I would deny the petition for a writ of certiorari.
Both the county court and the circuit court appellate division substantially agree that the tenant breached certain sublease provisions; however, despite the tenant's failure to present an equitable defense, the county court ruled that the breaches should not result in forfeiture. The appellate division held that the trial court's ruling was not supported by competent substantial evidence, and that the tenant's defaults, as a matter of law, entitled the landlords to enforcement of the termination provision of the sublease.
The majority's assertion that the forfeiture of the sublease resulted in a miscarriage of justice is without record support. Under the facts of this case, there are several reasons why forfeiture of the lease did not "result in an unconscionable, inequitable, or unjust eviction... ." Sharpe v. Sentry Drugs, Inc., 505 So.2d 618, 618 (Fla. 3d DCA 1987). (1) Unlike Tollius v. Dutch Inns of America, Inc., 244 So.2d 467 (Fla. 3d DCA 1970), cert. denied, 247 So.2d 437 (Fla. 1971), and Fowler v. Resash Corp., 469 So.2d 153 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla. 1985), which involved 99-year leases, the sublease under review terminates in 1999, unless the ten-year extension option is exercised. (2) The majority asserts that "[t]he landlords have received or will receive all the money to which they are entitled." Majority at 556. However, the record does not support this conclusion. The tenant's failure to provide proper accountant's certificates precludes a conclusion that the tenant never underpaid the requisite rental which is based on an income percentage. Furthermore, the payments were not remitted timely to the landlords; in order to procure compliance with the lease provisions, the landlords were compelled to file various lawsuits against the tenant. For example, the tenant delayed payment of the taxes until immediately prior to the commencement of trial. (3) Contrary to the majority opinion, the violations were not minor; they included closing the restaurant without the landlords' permission. Assuming, arguendo, that the violations were minor when considered individually, taken together they demonstrate the tenant's substantial disregard of the sublease provisions. Moreover, the tenant did not promptly attempt to remedy its noncompliance, and the defaults repeatedly occurred over the term of the sublease. Cf. Hyman v. Cohen, 73 So.2d 393 (Fla. 1954); Sharpe, 505 So.2d at 618; Fowler, 469 So.2d at 153; Smith v. Winn Dixie Stores, Inc., 448 So.2d 62 (Fla. 3d DCA 1984). (4) The majority asserts that the City of Miami gave the tenant permission to close the restaurant for renovations; however, the sublease obligates the tenant to seek approval from the landlord, not the City, prior to closing the restaurant. The tenant remained obligated to obtain permission from the landlords. In addition, the record contains undisputed evidence that the closing was unnecessary to complete the renovations. (5) Finally, the forfeiture would not result in a windfall to the landlords; at the termination of the sublease, and the lease, the City of Miami, *558 not the landlord, would benefit from the property improvements.
In Rader v. Prather, 100 Fla. 591, 595, 130 So. 15, 17 (1930), the Florida Supreme Court stated that "courts of equity always mitigate forfeitures when it can be done without doing violence to the contract of the parties." (Emphasis supplied). This court has rendered unenforceable several provisions of the contract. Under its mandate, the tenant is no longer obligated to pay timely ad valorem taxes, to submit timely and accurate certified accountant's reports or to obtain the landlords' permission prior to closing the restaurant for renovations. Moreover, the majority opinion precludes enforcement of the contract's termination provision so long as the tenants do not completely shut down the restaurant. Professional Sav. Bank v. Fowler, 566 So.2d 28 (Fla. 3d DCA 1990). For these reasons, I would deny the petition.
NOTES
[1] The Rabins leased the property from the City of Miami and subleased the property to Horatio Enterprises.
[2] For collateral cases involving this same lease see Horatio Enterprises, Inc. v. Rabin, 566 So.2d 73 (Fla. 3d DCA 1990); Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101 (Fla. 3d DCA 1987).
[3] The plaintiffs claim default for: 1) failure to make rental payments, 2) failure to pay taxes, 3) closing the restaurant without permission, 4) failing to maintain a going concern, and 5) failing to provide proper accountant's certificates. A review of the record reveals: 1) the rental payments were made to the City of Miami, rather than to the Rabins, pursuant to a Circuit Court order; 2) the county tax collector testified that all taxes had been paid; 3) the City of Miami permitted Horatio's to close the restaurant for renovations and the renovations increased the value of the property; 4) the restaurant was maintained as a going concern although properly closed for renovations, and 5) although proper accountant statements were not provided, no evidence showed Horatio's had underpaid the percentage rental according to the terms of the lease.
[4] The county court has jurisdiction to consider equity defenses, Kugeares v. Casino, Inc., 372 So.2d 1132 (Fla. 2d DCA 1979).