NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ATRIA GROUP, LLC,                          )
                                           )
             Appellant,                    )
                                           )
v.                                         )        Case No.  2D14-3916
                                           )
ONE PROGRESS PLAZA, II, LLC,               )
                                           )
             Appellee.                     )
                                           )
_____    )

Opinion filed July 22, 2015.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Thomas C. Little of Thomas C. Little,
P.A., Clearwater, for Appellant.

Marie Tomassi and Adam S. Butkus of
Trenam, Kemker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A., St. Petersburg,
for Appellee.


WALLACE, Judge.

        Atria Group, LLC, appeals a final summary judgment in favor of One

Progress Plaza II, LLC, on Count I of its complaint for eviction against Atria Group.[1]

_____

        [1]This court has jurisdiction under Florida Rule of Appellate Procedure
9.130(a)(3)(C)(ii).

One Progress Plaza sought eviction based upon Atria Group's alleged violations of several nonmonetary conditions of its lease. Because the affidavit and other materials that One Progress Plaza relied upon in support of its summary judgment motion failed to meet the demanding standard for summary judgment, we reverse.

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2010, One Progress Plaza and Atria Group entered into a commercial lease under which Atria Group leased suites 170 and 1900 in One Progress Plaza's building in St. Petersburg. Atria Group was to use suite 170 as a restaurant and suite 1900 as a nightclub. In September 2013, One Progress Plaza filed a complaint for eviction (count I) and for fraud in the inducement (count II) against Atria Group. In count I, One Progress Plaza alleged that Atria Group had committed numerous nonmonetary violations of the lease and sought entry of a judgment for possession and to accelerate the rent in accordance with the provisions of the lease.

In October 2013, Atria Group filed its answer and affirmative defenses, a request for mediation, and a counterclaim. Atria Group generally denied the majority of the allegations regarding the claimed breaches. And, pertinent to our review of the grant of summary judgment, it also alleged the following affirmative defenses: (1) that One Progress Plaza failed to give the requisite notice of breach and opportunity to cure under the provisions of the lease; (2) that One Progress Plaza's claims are barred by laches; (3) that eviction would cause an inequitable forfeiture based on Atria Group's $2,000,000 investment into the promotion and renovation of the premises and payment of $25,000 per month rent since 2010; (4) that One Progress Plaza is barred from terminating the lease under the doctrine of unclean hands; (5) that One Progress Plaza

- 2 -

is barred from terminating the lease under the doctrine of equitable estoppel; (6) that One Progress Plaza is barred from terminating the lease under the doctrine of estoppel; and (7) that One Progress Plaza had failed to state a cause of action.

In February 2014, One Progress Plaza moved for summary judgment on its claim for eviction. In support of its motion, One Progress Plaza filed the affidavit of Roger Donaldson, its senior property manager, in which he outlined numerous alleged violations of the lease committed by Atria Group. These alleged violations can be grouped in four categories: (1) damage to the property; (2) illegal activity; (3) disregard of building rules and other lease requirements; and (4) unsanitary conditions and failure to clean the premises. Atria Group filed a response in opposition to the motion for summary judgment. In support of its arguments, it filed the affidavit of Marek Pietryniak and the deposition of Mr. Donaldson. Mr. Pietryniak is the manager of Atria Group.

The circuit court held a hearing on the motion for summary judgment on July 24, 2014. After hearing the parties' arguments, the circuit court announced that it had reviewed the affidavits and exhibits filed by the parties and had decided to grant summary judgment on count I "as to the eviction aspect of it." The circuit court entered its written Summary Final Judgment in Favor of Plaintiff on Count I of the Complaint on July 29, 2014, directing Atria Group to vacate the premises by July 31, 2014, and authorizing One Progress Plaza to reenter and to take possession of the premises on August 1, 2014. This appeal followed.

## II. THE STANDARD OF REVIEW

Our review of the circuit court's ruling on One Progress Plaza's motion for summary judgment is de novo. Knowles v. JPMorgan Chase Bank, N.A., 994 So. 2d 1218, 1219 (Fla. 2d DCA 2008).

> Summary judgment is proper only if (1) no genuine issue of material fact exists, viewing every possible inference in favor of the party against whom summary judgment has been entered, Huntington Nat'l Bank v. Merrill Lynch Credit Corp., 779 So. 2d 396, 398 (Fla. 2d DCA 2000), and (2) the moving party is entitled to a judgment as a matter of law, [Volusia Cty. v.] Aberdeen at Ormond Beach[, L.P.], 760 So. 2d [126, 130 (Fla. 2000)]. "If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Holland v. Verheul, 583 So. 2d 788, 789 (Fla. 2d DCA 1991).

Id. Moreover, the movant "must either factually refute the [opposing parties'] affirmative defenses or establish that they are legally insufficient." Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011) (citing Moroni v. Household Fin. Corp. III, 903 So. 2d 311, 312 (Fla. 2d DCA 2005)).

## III. DISCUSSION

We begin our discussion by noting that

> [u]nder a provision of a lease or an agreement, to the effect that a breach of a covenant to repair or remedy defects in the premises shall work a forfeiture, it will, in the absence of special circumstances, permit the lessor to declare a forfeiture on occurrence of the breach. This is true even though the condition is a harsh one.

August Corp. v. Strawn, 174 So. 2d 422, 424 (Fla. 3d DCA 1965); see also Smith v. Winn Dixie Stores, 448 So. 2d 62, 62-63 (Fla. 3d DCA 1984) (acknowledging that "[i]t is a recognized principle of law that if there is an express provision of the lease providing

for forfeiture upon a default for failure to comply with any obligation under the lease, forfeiture of a lease may be permitted" (footnote omitted)).  However, it is the policy in Florida to strictly construe contractual forfeiture provisions against the party seeking to enforce them.  Horatio Enters. v. Rabin, 614 So. 2d 555, 556 (Fla. 3d DCA 1993).  "A court of equity may refuse to declare a forfeiture when the effect of enforcing the tenant's default would result in an eviction which would be unconscionable, inequitable or unjust under the circumstances."  Id. (citing Amerifirst Fed. Sav. & Loan Ass'n of Miami v. Century 21 Commodore Plaza, Inc., 416 So. 2d 45, 46 (Fla. 3d DCA 1982)); see also Smith, 448 So. 2d at 63 (noting same).

Article XV of the lease agreement provides, in pertinent part, as follows:

> The occurrence of any one or more of the following events shall constitute a material default and breach of this Lease by Lessee.
>
> . . . .
>
> (3) The failure by Lessee to observe or perform any of the covenants, conditions or provisions of this Lease to be observed or performed by Lessee . . . where such failure shall continue for a period of ten (10) days after written notice thereof from Lessor to Lessee; provided, however, that if the nature of Lessee's default is such that more than thirty (30) days are reasonably required for its cure, then Lessee shall not be deemed to be in default if Lessee commences such cure within said 30-day period and thereafter diligently prosecutes such cure to completion.
>
> . . . .
>
> In the event of any such material default or breach by Lessee, Lessor may at any time thereafter, with or without notice or demand and without limiting Lessor in the exercise of any right or remedy which Lessor may have by reason of such default or breach, including, but not limited to, the following:

(A) Terminate Lessee's right to possession of the Premises by any lawful means, in which case this Lease shall terminate and Lessee shall immediately surrender possession of the Premises to Lessor. . . .

(B) Reenter and take possession of the Premises and relet the same for Lessee's account . . . .

After a thorough review of the record, we conclude that the circuit court erred in granting the summary judgment for eviction for three reasons. First, Mr. Donaldson acknowledged in his deposition that most of the alleged defaults or violations of the lease had, in fact, been corrected. Thus, assuming that One Progress Plaza's allegations were sufficient to establish grounds under the provisions of the lease to terminate the lease if not corrected, Mr. Pietryniak's affidavit and Mr. Donaldson's deposition testimony raise issues of material fact about the occurrence of the alleged defaults and Atria Group's correction of them within the terms of the lease.

Second, One Progress Plaza failed to establish that the alleged violations of the lease were material. As noted by Atria Group's counsel at the hearing on the motion for summary judgment, problems are to be expected in a nightclub setting, and Atria Group could not be expected to prevent all possible occurrences that might violate the terms of the lease. The critical issue is the nature and result of Atria Group's responses to any violations. Mr. Donaldson acknowledged in his deposition that in instances for which he had advised Atria Group about the need for a repair, a problem with improper conduct by its patrons or employees, or the need to clean up a condition caused by one of its patrons or employees, Atria Group had taken care of the problem.

Third, One Progress Plaza failed to refute all of Atria Group's affirmative defenses or to establish that they were legally insufficient. Atria Group alleged that One

Progress Plaza had failed to give the requisite notice of breach and opportunity to cure under the lease. Atria Group did acknowledge receipt of a notice dated August 3, 2012, upon which One Progress Plaza relied. However, Mr. Pietryniak stated in his affidavit that Atria Group did not receive any other oral or written notices of breach, and One Progress Plaza has not established beyond dispute the persistence of any default under the lease after the issuance of notice.

Furthermore, Atria Group also asserted that eviction would cause an inequitable forfeiture based on its $2,000,000 investment into the promotion and renovation of the premises and its continuous payment of the rent since 2010. Mr. Pietryniak stated in his affidavit that Atria Group had paid rent and had invested approximately $2,000,000 in the property. One Progress Plaza has not refuted these allegations or shown that Atria Group could not prevail on this affirmative defense. Notably, Mr. Donaldson acknowledged in his deposition that substantial renovations had occurred to the nightclub on the nineteenth floor and to the restaurant on the first floor. These renovations were accepted by One Progress Plaza when they were completed. Depending upon the resolution of the factual disputes about the occurrence and failure to remedy the numerous alleged defaults, some of which are more or less significant than others, Atria Group may be able to prove that it would be inequitable to terminate the lease in light of its significant investment in the property. See Horatio Enters., 614 So. 2d at 556; Smith, 448 So. 2d at 63.

For the foregoing reasons, we reverse the summary judgment for eviction and remand this case to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.


BLACK and SALARIO, JJ., Concur.