# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0320
Lower Tribunal No. 15-14374
_____

**ZGA Aircraft Leasing, Inc., etc.,**
Appellant,

vs.

**Webjet Linhas Aereas, S.A., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Podhurst Orseck, P.A., and Stephen F. Rosenthal, and Christina H. Martinez; Griffin & Serrano, and Juan Serrano (Ft. Lauderdale), for appellant.

King & Spalding LLP and Drew T. Bell (Austin, TX), Val Leppert, and W. Randall Bassett, for appellees.

Before EMAS, SCALES, and LINDSEY, JJ.

PER CURIAM.

Appellant ZGA Aircraft Leasing, Inc. appeals from a final order issued after a non-jury trial in favor of Webjet Linhas Aereas S.A. and Gol Linhas Aereas Inteligentes S.A. After three days of trial, including arguments from counsel and testimony from four witnesses, the trial court requested and received post-trial briefing from both sides. Thereafter, the trial court entered an order and final judgment totaling 44 pages, ruling in favor of Appellees on five independent grounds.

The trial court's order comes to us clothed with the presumption of correctness. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."); Horatio Enterprises, Inc. v. Rabin, 614 So. 2d 555, 556 (Fla. 3d DCA 1993) ("The rulings of a trial court arrive in appellate courts with the presumption of correctness and appellate courts must interpret the evidence in a manner most favorable to sustain the trial court's rulings."); Hernandez v. Vidal, 354 So. 3d 632, 633 (Fla. 3d DCA 2023) ("The findings of a trial court come to an appellate court clothed with a presumption of correctness.").

To reverse this order, Appellant's counsel commendably conceded at oral argument that we would need to find reversible error on each of the five independent grounds.  We do not.  Accordingly, we affirm.

Affirmed.